**GARY W., etc. et al.,**
**Plaintiffs-Appellees,**

v.

**STATE OF LOUISIANA, etc. et al., Defendants,**

Dr. William Cherry, Secretary of the Louisiana Department of Health and Human Resources, Defendant-Appellant.

No. 77–3245.

United States Court of Appeals,
Fifth Circuit.

July 31, 1980.

Carmack M. Blackmon, Thomas S. Halligan, Asst. Attys. Gen., Baton Rouge, La.,

Louis M. Jones, Asst. Atty. Gen., New Orleans, La., for defendant-appellant.

William E. Rittenberg, Daniel Yohalem, Marian W. Edelman, Washington, D. C., Stephen P. Berzon, San Francisco, Cal., for plaintiffs-appellees.

Before GOLDBERG, FRANK M. JOHNSON, Jr. and HATCHETT, Circuit Judges:

GOLDBERG, Circuit Judge:

This class action litigation concerning mentally retarded, emotionally disturbed, and other children from Louisiana who have been placed in Texas for care and treatment in institutions was commenced in 1974. Plaintiffs obtained relief ensuring adequate care and treatment for class members, *see Gary W. v. State of Louisiana,* 437 F.Supp. 1209 (E.D.La.1976), and were held entitled to attorney's fees under the Civil Rights Attorneys' Fees Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988. *See Gary W. v. State of Louisiana,* 429 F.Supp. 711 (E.D. La.1977).

The judgment for attorney's fees was not appealed, but the state defendants refused to accede to plaintiffs' demands for payment. The plaintiffs then, on September 2, 1977, caused the clerk of the district court to issue a writ of *fieri facias* directing the United States Marshal for the Eastern District of Louisiana to seize property of the Louisiana Department of Health and Human Resources ("DHHR") in order to satisfy the judgment. The defendants countered by moving to quash the writ of *fieri facias* on the ground that state law prohibits the seizure of public property to satisfy a judgment against the state or a state agency and by seeking relief from the judgment under Fed.R.Civ.P. 60(b)(1).

After a hearing, the district court denied defendants' motion for relief from judgment and issued an order based on Fed.R. Civ.P. 70[1] directing defendant William Cherry, in his official capacity as Secretary of DHHR, to pay the judgment from DHHR funds. Defendants appeal from the court's denial of their Rule 60(b) motion and from its order compelling payment of the judgment.

A. *Rule 60(b) Motion.* A ruling on a motion under Rule 60(b) will not be overturned absent an abuse of discretion. *See Dugan v. United States,* 521 F.2d 231, 233 (5th Cir. 1975); *Hand v. United States,* 441 F.2d 529, 531 (5th Cir. 1971). Appellants' argument is that the trial court did not realize it had discretion to deny attorney's fees when it originally ruled on the request for attorney's fees and that its failure to exercise its discretion constituted "mistake, inadvertence or excusable neglect." Brief for Appellants at 34. However, even if the trial court had applied an incorrect legal standard when assessing attorney's fees,[2] the proper way to challenge its ruling in the court of appeals is by appeal of its ruling, not by appeal of a denial of a Rule 60(b) motion. *See Silk v. Sandoval,* 435 F.2d 1266 (1st Cir. 1971). Therefore, the district court's denial of the Rule 60(b) motion is affirmed.

B. *Order Compelling Payment.* Appellants argue that federal courts lack power to ensure compliance with money judgments against states unless state law provides a means of enforcing such judgments. The Louisiana Constitution prohibits the payment of judgments against the state except from funds appropriated for that purpose by the legislature.[3] On two

---

1. The state defendants indicated to the trial court that they preferred an order under Rule 70 to one under Rule 69. The plaintiffs stated that they were indifferent between these choices.

2. It did not, but followed our decision in *Brown v. Culpepper,* 559 F.2d 274 (5th Cir. 1977), which held that prevailing plaintiffs in civil

rights actions should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust. *Id.* at 277; *see Christianburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978).

3. La.Const. art. XII, § 10(c) provides:

occasions bills were introduced in the Louisiana legislature which would have authorized payment of the judgment, but neither bill was passed. Appellants urge that the federal court can do nothing to ensure compliance with its judgment[4] because Fed.R. Civ.P. 69(a)[5] provides that procedures for enforcement of a judgment are to be carried out in accordance with state law and because Fed.R.Civ.P. 70[6] does not provide an alternate means for executing a money judgment.

This argument has recently been addressed and rejected by this court in *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980). *Gates* involved the enforcement of a money judgment for attorney's fees in a civil rights action against the state of Mississippi. A Mississippi statute prohibits the satisfaction of any judgment against the state

"except by an appropriation therefor by the legislature." Miss.Code Ann. § 11–45–5 (1972).[7] The court said:

> [W]here a state expresses its unwillingness to comply with a valid judgment of a federal district court, the court may use any of the weapons generally at its disposal to ensure compliance . . . Only when the district court's response to the recalcitrance of a litigant is so inappropriate under the circumstances as to amount to an abuse of discretion will the Court of Appeals intervene . . . If statutory authority is needed for the court's actions, it may be found in Fed.R. Civ.P. 70.

*Gates, supra*, 616 F.2d at 1271.

We perceive no relevant distinction[8] between *Gates* and the instant case. In both

---

The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered.

4. At oral argument, appellants suggested that appellees might seek a contempt citation against the Louisiana legislature for failing to appropriate funds to satisfy the judgment. However, the Louisiana legislature is not a party to this action. Moreover, the chaos in the state appropriations process appellants predict if the court's order is affirmed would be dwarfed by the disruption that would be caused by a contempt citation against the state legislature, if such a sanction is possible.

5. Rule 69(a) states in relevant part:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

6. Rule 70 states in relevant part:

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or

other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party. . . . The court may also in proper cases adjudge the party in contempt.

7. Miss.Code Ann. § 11–45–5 (1972) provides:

> A judgment or decree against the state shall not be satisfied except by an appropriation therefore by the legislature, and an execution shall not be issued against the state.

8. Appellees suggest that *Gates* can be distinguished because the Mississippi statute, unlike the Louisiana constitutional provision, *see* n. 3 *supra*, does not expressly prohibit seizure of public funds. We see no relevance to this distinction, since the provisions in each state provide that a judgment against the state shall only be satisfied by an appropriation for that purpose by the state legislature. Also, the Mississippi statute prohibits the issuance of executions against the state. Therefore, Mississippi state property is not subject to seizure by writ of execution.

A second difference is that the Louisiana prohibition is contained in the state constitution, whereas the Mississippi prohibition is contained in a statute. Under the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, state constitutional provisions, as well as state statutes, must comport with federal law. Therefore, this distinction, too, is irrelevant to the rationale of *Gates. See Gates, supra*, 616 F.2d at 1272.

cases, an order directing the responsible state official to satisfy the judgment out of state funds is the only reasonable way to ensure compliance with a valid federal judgment.

Therefore, the decision of the district court is affirmed, and the case remanded for a determination of attorney's fees for work performed on this appeal. *See, e. g., Miller v. Carson*, 563 F.2d 741, 756 (5th Cir. 1977).

AFFIRMED and REMANDED.