Stephen HARMON, Plaintiff-Appellant,

v.

SAN DIEGO COUNTY, (a public corporation); David K. Speer, Chief Administrative Officer of San Diego County; William D. Winterbourne, Director of the Department of Civil Service and Personnel for San Diego County; Joseph Stables, David G. Martinez, Veryl J. Mortenson, O. King, Timothy M. Considine, Members, San Diego County Civil Service Commission, Defendants-Appellees.

No. 80–5282.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1981.

Decided Dec. 21, 1981.

As Amended on Denial of Rehearing Jan. 25, 1982.

Cecil W. Marr, Loew & Marr, Los Angeles, Cal., for plaintiff-appellant.

Lloyd M. Harmon, Jr., Chief Deputy County Counsel, San Diego, Cal., for defendants-appellees.

Before SNEED, HUG and SKOPIL, Circuit Judges.

SNEED, Circuit Judge:

Appellant appeals from an order awarding him attorney's fees in the amount of $15,000 and costs in the amount of $724.17. We affirm in part and reverse and remand in part.

## I.

## FACTS

The order from which this appeal is taken arose from a somewhat complicated set of procedural developments at the end of which appellant's claim of a violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §§ 2000e *et seq.*, because of "reverse discrimination" was sustained.

It all began with appellant's application for a hospital administrator position with appellee, San Diego County, in early 1977. About one month later a consent decree was filed in *United States v. San Diego County*, Civil No. 76–1094–S (S.D.Cal.1977), a suit brought by the Department of Justice, in which appellee agreed not to discriminate on the basis of race, sex, or national origin. Notwithstanding this decree, appellant was passed over and the position was filled by the appointment of a woman. Apparently the appointing authority thought the decree required this action.

Thereafter appellant sought to intervene in *United States v. San Diego County, supra.* This effort was rejected on the ground that appellant had not exhausted his administrative remedies. After those remedies, in the view of the appellant, had been exhausted, he again attempted to intervene. Once more the district court denied intervention on the ground that the appellant should pursue his rights in a separate action. The action out of which developed this appeal was then filed.

In due course a bench trial of this action resulted in a decision that appellant had been denied the position he sought on account of his race and sex. 477 F.Supp. 1084. The judgment enjoined the defendants to provide appellant with the first opportunity to accept or reject the position for which he applied and required that back pay in the amount of at least $22,480.00, and possibly more, be paid. It also directed that costs and attorney's fees, in an amount to be fixed by a subsequent order, be paid.

It is from this subsequent order that this appeal is taken. That order is as follows:

"Upon consideration of all factors in this case, including those factors outlined in *Kerr v. Screen Actors [sic] Guild*, 526 F.2d 67 (9th Cir. 1975), the court awards the plaintiff a reasonable attorney's fee in the amount of $15,000. It awards reasonable costs additionally in the amount of $724.17."

This order was preceded by a ruling that any time spent or costs incurred by the appellant in attempting to intervene in *United States v. San Diego County, supra*, would not be allowable in this proceeding.

Appellant objected to this ruling and has preserved the issue in this appeal; however, in response to the ruling he asserted that counsel had spent 454.2 hours, exclusive of the time spent on intervention efforts, and that $75 per hour was a reasonable rate of compensation. He also insisted that counsel fees should be increased by a "multiplier" of 1.75 to compensate for the risk of losing the case. That is, the product derived from multiplying the number of hours by the

rate per hour should itself be multiplied by 1.75 to arrive at the proper fee. In this case appellant asserts the proper figure is $59,613.75 (454.2 × $75 = $34,065.00 × 1.75 = $59,613.75).

## II.

### EXCLUSION OF HOURS SPENT IN INTERVENTION EFFORTS

■ We affirm the exclusion by the district court of hours spent in an unsuccessful effort to intervene in *United States v. San Diego County, supra.* Although these efforts are related to the suit in which appellant was successful, we cannot say that the district court abused its discretion in excluding the hours expended in these efforts. The lack of success by the appellant justifies this conclusion. *See Saunders v. Claytor,* 629 F.2d 596 (9th Cir. 1980), *cert. denied,* 450 U.S. 980, 101 S.Ct. 1515, 67 L.Ed. 815 (1981); *Sethy v. Alameda County Water District,* 602 F.2d 894 (9th Cir. 1979), *cert. denied,* 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980). Our decision in *Manhart v. City of Los Angeles,* 652 F.2d 904 (9th Cir. 1981), is distinguishable because there the entire proceeding was unitary whereas here the district court not improperly viewed the intervention efforts as an unsuccessful proceeding separate from appellant's victory in this case.

## III.

### SUFFICIENCY OF ORDER UNDER KERR

■ We cannot, however, affirm the district court's order in its entirety. Our difficulty is that in light of the terms of the order and the facts of this case pertaining to the number of hours expended and the applicable rate of pay per hour, we have no inkling of how the district court went about applying the guidance provided by this court in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975). The gap between the figures employed by the appellant, which yielded the amount requested by the appellant, and the amount ordered by the district court is too great to permit a mere recital of having considered *Kerr* to insulate the order from reversal.

We do not hold that a mere recital that *Kerr* factors have been considered is never

adequate. Our holding is no broader than the facts of this case require it to be. Appellant has raised significant issues with respect to how fees in this type of case should be computed. It is our view that *Kerr* addresses itself to each of these issues and that the disposition of appellant's contentions in this case requires that the district court explain its result in terms of the guidance *Kerr* provides.

Because of our disposition with respect to fees, we decline to address definitively the issue of reasonable costs. The award of costs in the amount of $742.17 by the district court is not inappropriate. However, the district court is free to provide for additional costs should that appear proper following the *Kerr*-review of the fees required by this court.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.