Johnny L. SPAIN, et al.,
Plaintiffs-Appellees,

v.

Louis MOUNTANOS, et al., Defendants,

and

Kenneth Cory, Controller, of the State of California, Defendant-Appellant.

No. 81–4173.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1982.

Decided Oct. 21, 1982.

Gordon Zane, San Francisco, Cal., for defendant-appellant.

Paul Halvonik, Halvonik & Halvonik, Berkeley, Cal., for plaintiffs-appellees.

Before GOODWIN, FLETCHER and POOLE, Circuit Judges.

POOLE, Circuit Judge.

This is an appeal by the Controller of the State of California, Kenneth Cory, from an order of the district court directing him to issue a warrant on the State Treasurer for payment of attorney's fees owed to appellees as the prevailing party under 42 U.S.C. § 1988. The district court issued the order after the State legislature refused to appropriate the money for the award. In this appeal Cory claims that the district court erred in invoking its equitable authority under Rule 70 of the Federal Rules of Civil Procedure to enforce the judgment, that State law prohibits the Controller from taking the action the court directed, and that the district court erred in awarding attorney's fees expended in collecting the original award as well as interest on the award. We affirm.

## I. FACTS

Appellees brought this action in 1973 alleging unconstitutional conditions of confinement at San Quentin State Prison. After a lengthy trial, the district court entered a broad ranging injunction against certain prison practices. *Spain v. Procunier,* 408 F.Supp. 534 (N.D.Cal.1976). On appeal this

court affirmed in part and reversed in part. *Spain v. Procunier,* 600 F.2d 189 (9th Cir. 1979). Upon remand, the parties entered into an agreement of settlement which included a provision that the defendants would pay fees to appellees' attorneys of $70,000.

Shortly afterwards, the State Attorney General submitted a claim to the State Board of Control requesting that the funds necessary to pay the attorney's fees be included in the next omnibus appropriations act. The Board of Control in turn submitted the claim to the State legislature. The California Assembly voted an appropriation to satisfy the award, but the California Senate specifically refused to do so, and a Conference Committee deleted the item from the money bill. Both houses approved an appropriations bill without the attorney's fees.

Appellees then filed a motion in the district court for orders adding certain State officials as party defendants and compelling them to pay the $70,000. On March 10, 1981, the district court entered an order making Kenneth Cory, Jesse Unruh, Treasurer of the State of California, and Ruth Rushen, Director of the California Department of Corrections, additional parties to the main action and ordering them served as parties. The order directed Rushen to submit a requisition within 30 days to Cory for the drawing of a warrant on the State Treasurer for the original $70,000 in attorney's fees, together with 8% interest from the date of the original order approving the settlement, and for another $6,318.00 attorney's fees expended in collecting the main award. It then directed Cory to issue the warrant to the State Treasurer, who was to pay the sums indicated to appellees' attorneys "out of funds appropriated for the support and operation of the California Department of Corrections or any other funds

subject to the control of the State Treasurer." Cory took this appeal and shortly thereafter the district court stayed further proceedings pending the outcome here.[1]

## II. *The Order to State Officials*

■ As the district court recognized, appellees are entitled to attorney's fees as the prevailing parties under 42 U.S.C. § 1988. In *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Supreme Court held that the Eleventh Amendment does not bar an attorney's fee award against a state under that statute. In particular, the Court concluded that in enacting section 1988, Congress intended to invoke its enforcement power under section 5 of the Fourteenth Amendment to remove the states' protection under the Eleventh Amendment. 437 U.S. at 694, 98 S.Ct. at 2575; *see also Maher v. Gagne,* 448 U.S. 122, 132, 100 S.Ct. 2570, 2576, 65 L.Ed.2d 653 (1980). The Court also concluded that such an award was appropriately directed against the State even though the State or one of its departments was not named as a party, since the plaintiffs' suit was "for all practical purposes, [brought] against the State itself." 437 U.S. at 700, 98 S.Ct. at 2578.

The Attorney General of California, who has represented appellant Cory throughout this proceeding, generally recognizes the impact of *Hutto v. Finney.*[2] However, he argues that appellees' exclusive means of enforcing the award is through a writ of execution pursuant to Rule 69 of the Federal Rules of Civil Procedure. Therefore he concludes that the court acted improperly in invoking its equitable authority under Rule 70 to attempt to enforce the judgment.

■ Ordinarily, the equitable remedies provided under Rule 70 are not appropriate in enforcing a monetary judgment. *See*

---

1. The State Treasurer, Jesse Unruh, did not take any position in the proceedings and does not appeal the court's order. Ruth Rushen, the Director of the Department of Corrections, opposed the order below but does not join Cory in this appeal.

2. In his brief the Attorney General suggests that the Supreme Court "clearly erred" in *Hutto* in not giving sufficient weight to the state's interest in avoiding sizable attorney's fees awards. To the extent the Attorney General seriously advocates this position, his argument is directed to the wrong court.

*Gabovitch v. Lundy,* 584 F.2d 559, 560 n.1 (1st Cir. 1978); 7 J. Moore, *Federal Practice* ¶ 69.03[2] (2d ed. 1978). However, under the extraordinary circumstances here where the judgment is against a state, which refuses to appropriate funds through the normal process provided by state law, the district court should not necessarily be reduced to satisfying a judgment through the cumbersome procedure of attempting to execute against state property or bank accounts.[3] It may, instead, pursue any remedy provided in Rule 69 or Rule 70 to enforce the award, including ordering state officials to pay the claim.

The legislative history of section 1988 supports this conclusion. The Senate Report on section 1988 states that the award should "be collected either directly from the official, from funds of his agency or under his control, or from the state or local government." S.Rep.No.1011, 94th Cong., 2d Sess. 5 *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5913. There is no suggestion in the report that a writ of execution is the only means of enforcing the award. Accordingly, those courts which have addressed this issue under circumstances similar to those involved here have specifically held that a district court may invoke its equitable authority under Rule 70 to enforce an attorney's fee award under section 1988 against the state. *See Gary W. v. Louisana,* 622 F.2d 804, 806–07 (5th Cir. 1980), *cert. denied,* 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981); *Gates v. Collier,* 616 F.2d 1268, 1271 (5th Cir. 1980); *see also Gilbert v. Johnson,* 490 F.2d 827, 829

(5th Cir. 1970) (approving use of Rule 70 to enforce back pay award against the Veterans Administration.)

The Attorney General contends also that the order here is improper because it compels the Controller to act in violation of State law. The California Constitution provides that "money may be drawn from the Treasury only through an appropriation made by law." Cal.Const. Art. XVI, § 7 (West 1982). Section 4.5 of the 1980–81 California State Budget Act states that no funds appropriated by the Act may be used to pay an attorney's fee award unless the award is "specifically authorized and set forth in an item or section of this act or . . . expressly authorized by a statutory provision other than Section 1021.5 of the Code of Civil Procedure." 1980 Cal.Stat. ch. 510, § 4.5. Finally, section 12440 of the California Government Code (West 1980) prohibits the Controller from drawing warrants on the treasury unless "authorized by law, and unless unexhausted specific appropriations provided by law are available to meet it." The Attorney General therefore concludes that since the legislature here specifically refused to pass the appropriation for the attorney's fees award, as required by the 1980 Budget Act, section 12440 prohibits the Controller from complying with the district court's order by issuing a warrant without violating State law.

The Attorney General's argument represents "a delicately wrought chain of apparent logic that leads to an ineluctably wrong conclusion." *Gary W. v. Louisiana,* 441 F.Supp. 1121, 1125 (E.D.La.1977), *aff'd,*

---

**3.** Moreover, the Attorney General's position on appeal ignores the difficulties raised by California law in enforcing a writ of execution against the state. Rule 69 of the Federal Rules of Civil Procedure provides that the procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held, . . . except that any statute of the United States governs to the extent that it is applicable." Section 965.5(b) of the California Government Code states that State execution provisions are not applicable to judgments against the State.

It may be that the State's position that execution is the appropriate remedy here is a tacit recognition that, although § 1988 does not con-

tain a specific execution provision, it permits execution here notwithstanding state law. *See Gary W. v. Louisiana,* 441 F.Supp. 1121, 1126–27 (E.D.La.1977), *aff'd,* 622 F.2d 804 (5th Cir. 1980); *Collins v. Thomas,* 649 F.2d 1203, 1206 (5th Cir. 1981), *cert. denied,* 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982). That issue is not properly before us but we note that such use of a writ of execution would also require the district court to conclude that federal law superceded State law.

In any event we question that the spectacle of federal marshalls seizing State property or bank accounts is somehow less destructive of the principles of federalism than the method chosen here by the district court.

622 F.2d 804 (5th Cir. 1980). Under the Supremacy Clause of the United States Constitution, a court, in enforcing federal law, may order state officials to take actions despite contravening state laws. Thus in *Washington v. Washington State Commercial Passenger Fishing Vessel Association*, 443 U.S. 658, 99 S.Ct. 3055, 61 L.Ed.2d 823 (1979), this court had affirmed a district court order directing the Washington State Department of Fisheries to adopt regulations protecting Indian fishing rights. In a parallel State proceeding, the Washington Supreme Court had held that the Fisheries Department had no authority under State law to take the steps directed by the district court. Therefore the Washington Court concluded that the order was void since the federal court did not have the power to order state officials "to do any act which they were not authorized to do by laws of the state from which they derive their power." *Puget Sound Gillnetters Association v. Moos*, 88 Wash.2d 677, 684, 565 P.2d 1151, 1155 (1977).

The Supreme Court granted certiorari in both the State and federal court proceedings, affirming this court's decision and vacating the decision of the Washington Supreme Court. The Court specifically rejected the State court's conclusion regarding the State officials' capacity to act under State law:

> State-law prohibition against compliance with the District Court's decree cannot survive the command of the Supremacy Clause of the United States Constitution. *Cooper v. Aaron*, 358 U.S. 1 [78 S.Ct. 1401, 3 L.Ed.2d 5]; *Ableman v. Booth*, 21 How. 506 [16 L.Ed. 169]. It is also clear that Game and Fisheries, as parties to this litigation, may be ordered to prepare a set of rules that will implement the Court's interpretation of the rights of the parties even if State law withholds from them the power to do so. *E.g. North Carolina Board of Education v. Swann*, 402 U.S. 43 [91 S.Ct. 1284, 28 L.Ed.2d 586]; *Griffin v. County School Board*, 377 U.S. 218 [84 S.Ct. 1226, 12 L.Ed.2d 256];

*Tacoma v. Taxpayers*, 357 U.S. 320 [78 S.Ct. 1209, 2 L.Ed.2d 1345].

443 U.S. at 695, 99 S.Ct. at 3079.

In *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1978), the Fifth Circuit, faced with nearly identical objections to those raised here affirmed an order very similar to that now challenged. The district court, in attempting to enforce an attorney's fees award under 42 U.S.C. § 1988 against the State of Mississippi, ordered the State Auditor to issue a warrant upon the State Treasurer and ordered the State Treasurer to honor the warrant and pay the attorney's fees. The court of appeals rejected the state's argument that Mississippi law prevented the officials from honoring the order since the legislature had not appropriated any funds for the award:

> Congress has declared that states and their officials who violate federal civil rights laws must reimburse the successful plaintiff for costs incurred in seeking redress. To strike down the order in this case because it conflicts with the laws of Mississippi would be no different than reversing a bare judgment for attorney's fees. In either case, we would be allowing the state, by legislative action, to recloak itself with the Eleventh Amendment immunity which Congress has chosen to remove. Such a result would be contrary to the Supremacy Clause of the United States Constitution.

616 F.2d at 1272.

■ We agree with the Fifth Circuit that a state cannot frustrate the intent of section 1988 by setting up state law barriers to block enforcement of an attorney's fees award. Thus we conclude that the district court acted within its authority in issuing the order to the Controller and other State officials.

In affirming the district court's order, we do not mean to suggest that the district court *must* proceed under Rule 70 rather than Rule 69. The alternative of issuing a writ of execution still remains open to the court.[4] Nor do we express any opinion how

---

4. The record indicates that shortly before the

stay entered by the district court pending this

the district court should implement its order should it choose to proceed under the order appealed from. That task remains open for the court below which has plenary power to enforce its commands. We simply conclude that the district court did not act improperly in issuing its order directed to state officials named therein.

### III. Attorney's Fees for Collection

The district court awarded appellees' attorneys an additional $6,318 in attorney's fees expended in collecting the original $70,000 stipulated fee. This court has held that such an award for fees on collection is proper under section 1988. *See Southeast Legal Defense Group v. Adams,* 657 F.2d 1118, 1126 (9th Cir. 1981); *see also Stanford Daily v. Zurcher,* 64 F.R.D. 680, 683–84 (N.D.Cal.1974); *aff'd,* 550 F.2d 464 (9th Cir. 1977), *rev'd on other grounds,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978) (refusal to award fees expended on collection would permit dilution of initial attorney's fees award.)

■ The Attorney General, however, contends that the *amount* the court awarded was excessive. The amount of attorney's fees to be awarded is left to the discretion of the trial court. *See Twentieth Century Fox Film Corp. v. Goldwyn,* 328 F.2d 190, 221 (9th Cir. 1964), *cert. denied,* 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964). Nevertheless, in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), we held that in exercising its discretion the district court must take into account certain enumerated factors. There is no indication in the record that the district judge considered the *Kerr* factors in making his award. Instead, the court simply seems to have multiplied the number of compensable hours claimed by appellees in their declarations by the hourly rate they suggested. Ordinarily remand of such an award would be appropriate to permit the district court to reconsider the

award in light of the *Kerr* factors. *See Harmon v. San Diego County,* 664 F.2d 770, 772 (9th Cir. 1981); *Ellis v. Cassidy,* 625 F.2d 227, 231 (9th Cir. 1980).

■ It appears, however, that the Attorney General's claim of abuse of the district court's discretion in awarding attorney's fees was waived in the proceedings below. At the hearing before the district judge on attorney's fees held February 17, 1981, appellees' attorneys offered to abide by the district court's judgment in setting the amount of fees expended in collecting the original award. In response, the Attorney General indicated his willingness to permit the court to "look at the points and authorities and papers we have presented here" and to "stipulate that your honor could decide what would be a reasonable fee for that kind of work." (R.T. 10–11). The Attorney General indicated that his main disagreement with the appellees' attorneys concerned their claim for time spent in their unsuccessful attempt to lobby the California legislature to appropriate the attorney's fee award—the amount for which time the district court explicitly excluded from its final award. Therefore, in view of the Attorney General's agreement to abide by the district court's decision regarding the additional award, we conclude that a remand to consider the *Kerr* factors is unnecessary in this case. We affirm the additional award.

### IV. Interest on the Original Award

Finally, the Attorney General challenges the district court's allowance of interest on the original $70,000 attorney's fees award computed at 8% interest from April 22, 1980, the date of the formal stipulation between the parties setting the $70,000 figure. Title 28 U.S.C. section 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and that interest should run from the date of the entry of judgment. Although this court has never addressed the issue whether section 1961 applies to attor-

appeal, appellees moved for a writ of execution on State property. Therefore, on remand that

motion will still be before the court.

ney's fees awards under 42 U.S.C. § 1988, it has concluded that section 1961 permits interest on attorney's fees awards in antitrust actions made pursuant to a similar attorney's fees statute, 15 U.S.C. § 15.[5] *See Perkins v. Standard Oil Co.,* 487 F.2d 672, 675–76 (9th Cir. 1973); *Mt. Hood Stages, Inc. v. Greyhound Corp.,* 616 F.2d 394, 406 n. 10 (9th Cir. 1980), *cert. denied,* 449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980); *Twin City Sportservice, Inc. v. Charles O. Finley & Co.,* 676 F.2d 1291, 1316–17 (9th Cir. 1982).

We see no reason to distinguish between the two statutes in allowing interest on attorney's fees. Indeed, given the acknowledged purpose of section 1988 to encourage private actions to enforce civil rights statutes where a monetary judgment in such actions is often nominal or, as in this case, not available at all, *see* S.Rep.No.1011, 94th Cong., 2d Sess. 3 *reprinted in* 1976 Code Cong. & Ad.News at 5910–11, the justification for awarding interest on attorney's fees under section 1988 is stronger than in awards in antitrust actions where a prevailing plaintiff will usually recover damages. *See Gates v. Collier,* 616 F.2d at 1272–78.[6] Under these circumstances, it would be anomalous to permit the State in effect to reduce the award by withholding payment for a considerable time. *See Perkins,* 487 F.2d at 676 (defendant should not be permitted free use of money judgment for attorney's fees while case is on appeal).

■ We therefore conclude that the district court did not err in allowing interest on the $70,000 attorney's fees award to which appellees were entitled under section 1988.

The judgments of the district court are in all respects affirmed.

---

**5.** Section 15 provides that a successful plaintiff is entitled to treble damages "and the cost of suit, including a reasonable attorney's fee." Section 1988 provides that a court, in its discretion, "may allow the prevailing party ... a reasonable attorney's fee as part of costs."

---

**6.** In *Gates,* the court distinguished a prior Fifth Circuit case, *Carpa, Inc. v. Ward Foods, Inc.,* 567 F.2d 1316 (5th Cir. 1978) which had held that interest was *not* allowable under 15 U.S.C. § 15, concluding that the policy behind the enactment of § 1988 favored allowing interest on attorney's fees. *See Gates,* 616 F.2d at 1272–73, 1278–79.