UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

MARUYAMA & ASSOCIATES, LTD.          )      CIVIL ACTION NO. 82-0066
                                     )
            Plaintiff,               )
                                     )
      vs.                            )      DECISION AND ORDER
                                     )
MARIANA ISLANDS HOUSING              )
AUTHORITY,                           )
                                     )
            Defendant.               )
_____)

On December 10, 1985, judgment was entered in favor of plaintiff, Maruyama & Associates, Ltd.. (Maruyama) and against Mariana Islands Housing Authority (MIHA). An order allowing an attorney's fee of $52,419.29 as part of the costs was issued on February 7, 1986. MIHA appealed this order on February 18, 1986, but did not move for a stay pending the appeal. Mr. Randall T. Fennell, attorney for plaintiff, applied for ex parte, and was granted, a writ of execution on March 11, 1986, to satisfy this award. On the following day, March 12, 1986, MIHA moved to quash the writ of execution. A hearing was held on March 12, 1986, in which both sides were given an opportunity to present their positions. For the following reasons, the motion to quash the writ of execution is denied.

Rule 69 of the Federal Rules of Civil Procedure governs execution of federal judgments. Rule 69 states:

> Process to enforce a judgment for the payment of money shall be a writ of

512

execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

. . .

The Commonwealth's provision for writs of execution, 7 C.M.C. §4203, states:

> The Court, at the request of the party recovering any civil judgment in that Court for the payment of money, shall issue a writ of execution against the personal property of the party against whom the judgment has been rendered, except as provided in Section 4210.[1]

The Code specifically sets out in 2 C.M.C. §4457 that "[a]ll property, including funds, acquired or held by MIHA pursuant to this Chapter shall be exempt from levy and sale by virtue of an execution, and no execution or other judicial process shall issue against the same nor shall any judgment against MIHA be a charge or lien upon such property."

Though the language of §4457 appears to foreclose the possibility of obtaining a writ of execution against MIHA, case law is to the contrary. See, e.g., Span v. Mountanous, 690 F.2d 742 (9th Cir. 1982); Gary v. Louisiana, 441 F.Supp. 1121 (E.D.La. 1977), aff'd., 622 F.2d 804 (5th Cir. 1980), cert. denied, 101 S.Ct. 1695, 450 U.S. 994, 68 L.Ed.2d 193 (1981).

---

[1] Section 4210 deals with property which is exempt from writs of execution or attachment and does not apply to the case at bar.

The Commonwealth cannot frustrate the intent of 42 U.S.C. §1988 by "setting up state law barriers to block enforcement of an attorney's fees award." Spain v. Mountanous, 690 F.2d at 746. This would be contrary to the command of the Supremacy Clause of the United States Constitution. Gates v. Collier, 616 F.2d 1268 (5th Cir. 1980).

Pursuant to §1988, the prevailing party in a §1983 suit is entitled to recover an attorney's fee. The order of February 7, 1986, set this amount at $52,419.29. The Commonwealth Code provides for writs of execution to satisfy judgments. Though §4457 appears to strip away this avenue from a judgment creditor who prevails against MIHA, the case law is to the contrary and Maruyama must prevail.

For these reasons, the motion to quash the writ of execution is denied.

IT IS SO ORDERED.

DATED this _____ day of March, 1986.

_____
JUDGE ALFRED LAURETA