### INTERNATIONAL WOODWORKERS OF AMERICA, AFL–CIO, LOCAL 3–98, Plaintiff-Appellee,

v.

### Raymond J. DONOVAN, Secretary of Labor, and California Employment Development Department, Defendants-Appellants.

No. 84–1887.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 1985.

Decided Aug. 28, 1985.

As Amended June 23, 1986.

---

John William Cumming, Eureka, Cal., and Richard M. Pearl, Oakland, Cal., for plaintiff-appellee.

Charlene V. McIntyre, U.S. Dept. of Justice, Washington, D.C., for defendants-appellants.

Before ANDERSON and PREGERSON, Circuit Judges, and HATTER,* District Judge.

HATTER, District Judge:

The Secretary of Labor appeals from the district court's award to International Woodworkers of America ("Local 3–98") of $44,375.32 in attorneys' fees, $1,825.60 in costs and postjudgment interest pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). 580 F.Supp. 714. The court made the award after it found that the Secretary's interpretation of Title II of the Redwood National Park Expansion Act of 1978, Pub.L. No. 95–250, §§ 201–13, 92 Stat. 163, 172–82, was not substantially justified. We affirm in part and reverse in part.

## I. BACKGROUND

The underlying action for which attorneys' fees and costs were awarded, involved a suit by Local 3–98 against the Secretary of Labor and the California Employment Development Department challenging regulations issued by the Secretary in furtherance of Title II of the Redwood National Park Expansion Act of 1978. The regulations at issue, 29 C.F.R. § 92.12–92.-15 (1981), were promulgated in June 1981 and significantly changed the eligibility rights of persons receiving benefits under the Redwood Employee Protection Program ("REPP"). Act Mar. 27, 1978, § 201(11), 92 Stat. 163; 28 U.S.C.A. § 1291.

Prior to the promulgation of 29 C.F.R. § 92.15(a)(1)–(3), the Secretary automatically awarded REPP benefits to eligible employees discharged between May 31, 1977 and September 30, 1980, but who were recalled for work and then laid-off again. Under the new regulations, workers who returned to work within the industry and subsequently lost their jobs would be disqualified from any REPP benefits unless they could demonstrate, within fifteen days, that their latest job loss was directly and conclusively due to the Park's expansion and no other cause. 29 C.F.R. 92.-15(a)(1).

Local 3–98 challenged the new regulations promulgated by the Secretary on the ground that the regulations governing eligibility unreasonably interpreted the Act's provisions and, therefore, exceed the Secretary's authority. The district court agreed and this court affirmed in *Local 3–98, International Woodworkers of America, AFL–CIO v. Donovan*, 713 F.2d 436 (9th Cir.1983).

Thereafter, Local 3–98 filed an application for attorneys' fees and costs, including fees incurred in the appeal, with the district court. In awarding Local 3–98 attorneys' fees, the district court held that Local 3–98 was entitled to fees under Section 2412(d) of the EAJA because the Secretary's interpretation of the Act was not substantially justified, particularly in light of the statute's purposes. The Secretary appeals the awards of attorneys' fees, costs and postjudgment interest.

## II. ANALYSIS

*Standard of Review—Attorneys' Fees*

■ Section 2412(d)(1)(A) provides that a court shall award reasonable attorneys'

* The Honorable Terry J. Hatter, Jr., United States District Judge, Central District of California, sitting by designation.

fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A district court's finding that the Secretary failed to prove substantial justification is not reviewable *de novo. U.S. v. Ford,* 737 F.2d 1506, 1508 (9th Cir.1984); *Rawlings v. Heckler,* 725 F.2d 1192, 1194 (9th Cir.1984); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). Rather, it is reviewable under the abuse of discretion standard, and the underlying findings are reversible only if clearly erroneous. *Id.*

The standard to apply to determine whether the government's position was substantially justified is one of "reasonableness." *Foster v. Tourtellotte,* 704 F.2d 1109, 1112 (9th Cir.1983). "Where the government can show that its case had a reasonable basis both in law and in fact, no award shall be made ..." *Id.* (quoting H.R.Rep. No. 1418, 96th Cong.,2d Sess. 10–11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4984, 4989–90). Further, with respect to the reasonableness of the government's construction of the statute, Section 213(f) of the Park Act states that "in all cases where two or more constructions of the title would be reasonable, the Secretary shall adopt that construction which is most favorable to employees. The Secretary shall avoid inequities adverse to employees that otherwise would arise from an unduly literal interpretation of the language in this title." *See also Lanning v. Marshall,* 650 F.2d 1055, 1057 (9th Cir.1981).

■ In the instant case, the Secretary contends that he had a reasonable basis in law and fact for considering Local 3-98's interpretation of Section 203 of the Act unreasonable, thus warranting his promulgation of the more restrictive regulations. However, the district court rejected his justification as insubstantial. The court found that the Secretary failed to demonstrate that his position was substantially justified. The court noted:

> In this case, there was virtually no basis for disputing that plaintiff's construction was reasonable or that it was more favorable to employees ... The Secretary's construction would have penalized employees who returned to work and subsequently were laid off again after the close of the window period. The Secretary proposed to deprive these employees of the statutory presumption of benefit entitlement and instead to put such employees to the nearly impossible burden of proving, within 15 days, that the layoff was due to park expansion.

*Local 3–98, International Woodworkers of America v. Donovan,* 580 F.Supp. 714 (N.D.Cal.1984) (mem. decision at 3–4):

> "[W]hen the government acts inconsistently, and subsequently loses a civil suit challenging its behavior, it should be obliged to make an especially strong showing that its *legal arguments* were substantially justified in order to avoid liability for fees under the EAJA." *Spencer v. N.L. R.B.,* 712 F.2d 539, 561 (D.C.Cir.1983) (emphasis in original). In the case at bar, the Secretary argues that although he originally adopted Local 3–98's interpretation of Section 203, his subsequent change in position does not mean that his present position is not substantially justified. Nevertheless, the district court found that the Secretary's interpretation of Section 203, formally adopted in June 1981, directly contradicted his prior construction of that statute, particularly since Section 213(f) mandates that the Secretary adopt the construction most favorable to employees.

These various considerations demonstrate that the district court did not abuse its discretion in finding that the Secretary failed to show that his position was substantially justified. Thus, the award of attorneys' fees under Section 2412(d) is proper and is affirmed.

*Adjustments to the Lodestar*

■ The lodestar figure of reasonable hours times a reasonable market rate is presumptively a reasonable attorney's fee

under a statute. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). In the instant case, Congress limited the hourly rate under Section 2412(d)(2)(A)(ii) to $75 "... unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justify a higher fee." Moreover, with respect to an upward adjustment to the statutory lodestar, the Supreme Court has noted that the hourly rate could be augmented where the quality of representation resulted in a degree of success beyond what would be reasonably expected at that rate. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 1549, 79 L.Ed.2d 891 (1984). This adjustment of the lodestar may not, however, be effected by applying a multiplier, or compounds of the hourly rate, to fees awarded under the EAJA. *See Underwood v. Pierce,* 761 F.2d 1342, 1348 (9th Cir.1985).

■ In support of its award of attorneys' fees higher than the $75 per hour standard set forth in Section 2412(d)(2)(A)(ii), the district court concluded that because of their specialized expertise and efficiency, Local 3–98's attorneys were able to obtain exceptional results in an extremely short amount of time. Moreover, the district court's decision is, also, supported by the limited availability of counsel with the required expertise in the particular proceedings involved, which is one of the special factors enumerated in Section 2412(d). The court's finding that plaintiff's counsel, Mr. Cumming, was the only attorney available to Local 3–98 with the combined knowledge of REPP law and federal litigation skill and expertise is well supported by the record. Finally, the contingent nature of counsel's fees is entirely consistent with the EAJA's "reasonable attorney's fee" standard. *Id.* at 1347; *see also LaDuke v. Nelson,* 762 F.2d 1318, 1333 (9th Cir.1985).

It is important to note that there is no evidence that the trial court utilized the multiplier prohibited in *Underwood.* Rather, as the special factors enumerated above

demonstrate, the district court acted well within its discretion in granting Local 3–98's attorneys' fees in excess of the statutory $75 hourly rate.

*Post-Judgment Interest on Fee Award*

■ Although the Federal Courts Improvement Act, 28 U.S.C. § 1961, was amended to allow interest on awards against the United States in certain circumstances, the Secretary is correct in arguing that the amended statute does not contain any references to attorney fee awards under the EAJA. *See* Pub.L. No. 97–164, Title III, § 302(a), 96 Stat. 55 (1982); Pub.L. No. 97–258, § 2(m)(1), 96 Stat. 1062 (1982).

The court below did not elaborate on the basis for its award of post-judgment interest. However, Local 3–98 argues that the court's award was proper, even though no express waiver of sovereign immunity appears in Section 1961. To hold otherwise, Local 3–98 argues, would allow the government to reduce the judgment simply by delaying payment.

Local 3–98 relies on *Spain v. Mountanos,* 690 F.2d 742 (9th Cir.1982) in support of its position. However, in *Spain* there is no discussion of the state's sovereign immunity. Instead, this court based its finding on the fact that interest had been awarded under Section 1961 in antitrust cases against private parties. *Id.* at 747–48. Since there is no discussion of sovereign immunity, *Spain* does not challenge this court's holding that interest is not payable on a judgment against the United States except as specifically provided by statute. *Rooney v. United States,* 694 F.2d 582 (9th Cir.1982). Moreover, the Eleventh Circuit has recently held that with respect to attorney fee awards under the EAJA, there is no waiver of the government's immunity from interest in Section 1961, the EAJA or any other statute. *Arvin v. United States,* 742 F.2d 1301, 1305 (11th Cir.1984); *Knights of the Ku Klux Klan v. East Baton Rouge Parish School Board,* 735 F.2d 895, 902 (5th Cir.1984).

The district court erred in awarding interest on the fee award since no statutory

provision expressly authorizes such interest.

*Costs*

■ The Secretary appeals the district court's award of costs for telephone calls, postage, air courier and attorney travel expenses on the ground that such costs are not specifically listed in Section 2412(b). However, awards of such costs—costs that are ordinarily billed to a client—are routine under all other fee statutes. *See Thornberry v. Delta Air Lines, Inc.,* 676 F.2d 1240, 1244 (9th Cir.1982), *vacated and remanded on other grounds,* 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1984); *Henry v. Webermeier,* 738 F.2d 188, 192 (7th Cir.1984). Moreover, in awarding costs, the district court noted that the expenses enumerated in Section 2412(d)(2)(A) are set forth as examples, not as an exclusive list. *Hoopa Valley Tribe v. Watt,* 569 F.Supp. 943, 947 (N.D.Cal.1983). The district court's award of costs under Section 2412(b) is proper.

### III. CONCLUSION

We affirm the district court's order insofar as it awarded attorneys' fees, granted an increase in the lodestar figure, and allowed costs. However, we reverse the court's award of post-judgment interest.