**C.P. JEPPESEN, Jr., Plaintiff—
Appellant / Cross–Appellee,**

v.

**Gale A. NORTON,* Secretary of the Interior of the United States Department of the Interior; Dept. of Interior, Idaho State Office, Defendants—
Appellees / Cross–Appellants.**

Nos. 00–35485, 00–35490.
D.C. No. CV–94–00132–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2002.

---

* Gale Norton is substituted for her predecessor, Bruce Babbitt, as Secretary of the Interior pursuant to Fed. R.App. P. 43(c)(2).

Decided Jan. 16, 2002.

Before THOMAS, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM [**]

We affirm the award of fees and costs to Jeppesen for the reasons stated by the district court. The award of attorneys' fees was reasonable, and we reject the government's challenges to the fees. Also, all costs awarded were proper.

The district court did not, however, make any explicit decision as to the "expenses" requested by Jeppesen that were not allowable costs.[1] Beyond fees and costs, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), authorizes an award of expenses normally billed to a client. *See International Woodworkers, Local 3–98 v. Donovan*, 792 F.2d 762, 767 (9th Cir.1985). We remand for further proceedings on whether Jeppesen should be awarded any expenses under the EAJA.

Jeppesen is entitled under the EAJA to reimbursement for fees, costs, and expenses incurred as a result of defending against the government's appeal. *See*

---

[**] This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. It is understandable that the district court awarded reimbursement for only fees and costs. The billing statement attached to a supporting affidavit submitted by Jeppesen's counsel listed two categories of requested items labeled as "Legal Fees" and "Costs Advanced." Although the supporting affidavit requested reimbursement for an "attorney fee" and "expenses," the supporting affidavit was entitled "Affidavit of Barry Marcus in Support of Plaintiff's Application for Award of *Attorney's Fees and Costs*" (emphasis added).

*Love v. Reilly,* 924 F.2d 1492, 1497 (9th Cir.1991).

AFFIRMED in part and REMANDED in part.

Nonetheless, the affidavit requested reimbursement for "expenses during the litigation, which have been charged to Mr. Jeppesen." The district court made no express ruling about expenses apart from costs. We express no opinion whether the submissions satisfy Jeppesen's burden under the EAJA and *International Woodworkers, Local 3–98 v. Donovan*, 792 F.2d 762, 767 (9th Cir.1985), to qualify for an award of expenses, but the district court should decide this in the first instance. The issue was obscured by the form of plaintiff's submission.

