# United States Court of Appeals
## For the First Circuit

No. 15-1745

RIO GRANDE COMMUNITY HEALTH CENTER, INC., ET AL.,

Plaintiffs, Appellees,

v.

HON. ANA RÍUS ARMENDÁRIZ,

SECRETARY OF THE DEPARTMENT OF HEALTH OF THE COMMONWEALTH OF

PUERTO RICO,

Defendant, Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Lynch, Kayatta, and Thompson,
Circuit Judges.

Margarita Mercado-Echegary, Solicitor General, and Susana I. Peñagarícano-Brown, Assistant Solicitor General, on brief for appellant.
James L. Feldesman, Robert A. Graham, Nicole M. Bacon, and Feldesman Tucker Leifer Fidell LLP, on brief for appellee.

July 7, 2015

**PER CURIAM.** After a decade of litigation over the Commonwealth of Puerto Rico's failure to make "wraparound" payments under federal Medicaid law, 42 U.S.C. § 1396a(bb), the district court entered an order compelling the payment of amounts due plaintiffs according to a lawful, prospective injunction.[1] When the defendant failed to make those payments in accord with the terms of the order, and after exhausting efforts to secure defendant's voluntary compliance, the district court entered additional orders, one directed to the Commonwealth-owned Government Development Bank of the Commonwealth of Puerto Rico (attaching funds held on behalf of the Commonwealth's Treasury Department), and a second directed to the president of that bank (ordering her to issue a check for the amount due plaintiffs). The defendant has appealed those orders. In connection with that appeal, she asks that we stay the district court orders that are the subject of the appeal. We initially issued a brief, temporary stay so that we could consider the merits of the stay motion. For

---

[1] This protracted litigation has reached the First Circuit six prior times. See Consejo de Salud v. Gonzalez-Feliciano, 695 F.3d 83 (1st Cir. 2012); Concilio de Salud Integral de Loíza, Inc. v. Pérez-Perdomo, 625 F.3d 15 (1st Cir. 2010); Concilio de Salud Integral de Loiza, Inc. v. Pérez-Perdomo, 551 F.3d 10 (1st Cir. 2008); Dr. José S. Belaval, Inc. v. Pérez-Perdomo, 488 F.3d 11 (1st Cir. 2007); Dr. José S. Belaval, Inc. v. Pérez-Perdomo, 465 F.3d 33 (1st Cir. 2006); Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56 (1st Cir. 2005).

- 2 -

the following reasons, we now dissolve that temporary stay and deny the motion to stay.

The defendant must make the following four showings to secure a stay: "(1) a strong showing that [it] is likely to succeed on the merits, (2) a showing that unless a stay is granted [it] will suffer irreparable injury, (3) a showing that no substantial harm will come to the other interested parties, and (4) a showing that a stay will do no harm to the public interest." Ainsworth Aristocrat Intern. Pty. v. Tourism Co., 818 F.2d 1034, 1039 (1st Cir. 1987).

In an effort to make these required showings, the defendant argues that the orders violate the Eleventh Amendment. We have already rejected such an argument, albeit in dictum, in this very litigation. See Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo, 625 F.3d 15, 19-20 & n.4 (1st Cir. 2010) ("[O]nly if the state were disobeying a forward-looking *court order* to make such payments could a violation of that order be redressed by a federal court remedial directive to make payments to comply with the preexisting order.") (emphasis in original) (citing Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 440 (2004); Hutto v. Finney, 437 U.S. 678, 690-91 (1978)); Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo, 551 F.3d 10, 18 n.8 (1st Cir. 2008) ("Any claims for past non-compliance with the district court's preliminary injunction, though claims for monies due, are also not

- 3 -

barred by the Eleventh Amendment."). While we reserve final decision until we rule on the appeal, we easily find now that the defendant is not likely to change our preliminary view. As the Supreme Court observed in Hutto, "the principles of federalism that inform Eleventh Amendment doctrine surely do not require federal courts to enforce their decrees only by sending high state officials to jail. The less intrusive power to impose a fine is properly treated as ancillary to the federal court's power to impose injunctive relief." 437 U.S. at 691. These orders on appeal would seem to represent actions more modest and less intrusive in their effect than the fines and imprisonment expressly blessed in Hutto.

The defendant also argues that Commonwealth law does not allow attachment of Commonwealth funds, and that the district court under Federal Rule of Civil Procedure 69 can only attach funds to execute on a monetary judgment in the manner allowed for by Commonwealth law. Whether this is so we need not decide. Rather, we need only observe that it is not likely that the court's inherent powers in aid of enforcing its orders for prospective payments are limited in this manner by Rule 69. See, e.g., Spain v. Mountanos, 690 F.2d 742, 744-45 (9th Cir. 1982) (noting the district court's "plenary power to enforce its commands").

We also acknowledge the extreme financial distress in which the Commonwealth finds itself. That distress, however, at

least without action by Congress, would not seem to justify a failure to comply with a lawful order, especially where the district court has been so patient in enforcing its order.[2]

For the aforementioned reasons, we dissolve the temporary stay of the district court's orders that we entered on June 23, 2015, and we deny defendant's motion to stay those orders pending the resolution of any appeal from the orders.

<u>So ordered</u>.

---

[2] Regarding the Commonwealth's claim of irreparable harm, to the extent the Commonwealth accessed estimated matching funds from the federal government for the relevant quarter pursuant to 42 U.S.C. § 1396b(d) and 45 C.F.R. § 201.5(c), being compelled to put those funds to their intended use -- Medicaid expenses -- can hardly be classified as causing irreparable harm.