**John R. HOBBS, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, et al., Respondents.**

No. 86–7065.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 1986.

Decided July 7, 1987.

John R. Hillsman, San Francisco, Cal., for petitioner.

George L. Brummer, B. James Finnegan, San Francisco, Cal., for respondents.

Before CHAMBERS, POOLE and WIGGINS, Circuit Judges.

POOLE, Circuit Judge:

Attorneys in the firm of McGuinn, Hillsman & Palefsky (Petitioners) petition for review of an order of the Benefits Review Board (Board) which reduced an Administrative Law Judge's award of attorney's fees under the Longshore Act, 33 U.S.C. § 928, and vacated that part of the award providing for prospective post-judgment interest. We deny the petition.

FACTS

The facts of this case are not in dispute. Claimant John Hobbs was a ship-wright/carpenter who claimed benefits against Stan Flowers, Inc. (employer/carrier) for a compensable injury to his right knee under the Longshore and Harbor Workers' Compensation Act (Act) 33 U.S.C. § 901 *et seq.* An administrative law judge (ALJ) found in Hobbs' favor, and entered a compensation order on November 19, 1984. That order has not been appealed.

The attorneys subsequently applied for fees under 33 U.S.C. § 928, requesting $150 per hour and post-judgment interest in the event of an employer appeal. The ALJ, over the opposition of the employer/carrier, awarded the requested fees. His award was based in part upon the ALJ's belief that awarding an hourly rate of $150 for services rendered in years prior to the administrative hearing, even though counsel's hourly rate at that time was $100 to $125 per hour, effectively constituted "interest or recompense for the fact that [counsel] had to wait a significant period of time to receive" payment. The award also provided for prospective interest on the fee award at a rate that would "compensate claimant's counsel for the time the employer/carrier has the use of the money *if* there is an appeal and [if] payment of the fee is

postponed until the matter is ultimately resolved."

On appeal, the Benefits Review Board reduced the $150 hourly rate to $120, determining that although the applicable regulations provided for consideration of such factors as the quality of counsel's work, the complexity of issues, and the amount of benefits awarded as a result of counsel's efforts in setting counsel fees, they did not authorize augmentation of the hourly rate in order to compensate for a delay in payment. *See* 20 C.F.R. § 702.132. The Board also vacated that part of the order awarding prospective post-judgment interest as "without legal support." The attorneys now petition for review of the Board's order.

## DISCUSSION

### Standard of Review

The decision of the Benefits Review Board, based upon its interpretation of the Act, 33 U.S.C. 921 *et seq.*, and the governing regulation, 20 C.F.R. § 702.132, constitutes a legal conclusion which we review *de novo*. Because the Board is not a policy-making agency, its interpretation of the Act is not entitled to any special deference; this court, however, will respect the Board's interpretation of the Act if that interpretation is reasonable and reflects the policy underlying the statute. *Kelaita v. Director, Office of Workers' Compensation Programs*, 799 F.2d 1308, 1310 (9th Cir.1986) (citations omitted).

### Augmentation of the Hourly Rate

We first consider whether the Board erred in its determination that augmentation of hourly rates to compensate attorneys for delay in payment was improper as a matter of law. Section 928(a) and (b) of the Longshore Act provides that a reasonable attorney's fee shall be awarded in cases under the Act in which a claimant is successful in establishing liability for compensation which is contested by the employer/carrier, or in cases where an attorney succeeds in winning greater benefits for a claimant than those allowed by the employer/carrier. 33 U.S.C. § 928 (a), (b). The

regulation governing the award of attorneys' fees under the Act provides that

> ... [a]ny fee approved shall be reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the complexity of the legal issues involved, and the amount of benefits awarded....

20 C.F.R. § 702.132. Although quality of representation and complexity of issues clearly affect the "reasonableness" of any hourly rates charged by counsel, this court has not heretofore decided whether other factors might be considered by an administrative law judge in the determination of a reasonable hourly rate.

In disallowing augmentation of hourly rates to correct for delay in payment, the Board reasoned that delay in payment is the norm in longshore cases, and that therefore any potential devaluation of a fee award as the result of delay is comprehended in the basic fee structure of the attorneys providing services. If an attorney generally charges $120 in longshore cases, that figure contemplates the possibility that in many cases the attorney may face a delay in receiving his fee. The Board's decision implies that fee awards based upon the standard hourly rates charged by attorneys at the time the services are performed are therefore presumptively "reasonable" under the statute, and adequately fulfill the purposes of the statute of encouraging attorney representation in cases where liability is contested. *See* 1972 U.S. Code Cong. & Admin.News, pp. 4698, 4706, 4717. Although this case seems to be the first in which the Board has dealt with delay in time as a factor in augmentation of fees, the Board's approach is consistent with other Board decisions limiting the bases for augmentation. *E.g., McKee v. Director, OWCP*, 6 BLR 1–233, 237 (1983); *Helton v. Director, OWCP*, 6 BLR 1–176, 179 (1983) (finding that another factor—risk of loss—is presumptively subsumed in the structure of fees generally charged by counsel). Such an approach is reasonable in the general case, and does not conflict with the policy of providing attorney services underlying the Act.

It is true that some courts have approved the augmentation of attorneys' hourly rates to compensate for delay in payment, notably in the context of fee awards under 42 U.S.C. § 1988. *See e.g., Johnson v. University College,* 706 F.2d 1205, 1210 (11th Cir.) (delay in payment "obviously dilutes the eventual award and may convert an otherwise reasonable fee into an unreasonably low one") *cert. denied,* 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983); *Copeland v. Marshall,* 641 F.2d 880, 893 (D.C.Cir.1980) (en banc) ("[P]ayment today for services rendered long in the past deprives the eventual recipient of the value of the use of the money in the meantime, which use, particularly in an inflationary era, is valuable."); *Cf. Bonner v. Coughlin,* 657 F.2d 931 (7th Cir.1981) (delay in payment not considered a factor assuming that attorney's fee is computed at current, rather than historical rates.)

■ These decisions suggest that, in cases where delay is extreme, reliance on historical rates—which logically might be said to contemplate normally expected delay—may render unreasonable an otherwise reasonable attorney's fee by cutting too deeply into the attorney's ultimate award. We need not decide, however, whether such a situation is hypothetically possible in the context of fee awards in longshore litigation. *But see Wells v. International Great Lakes Shipping,* 693 F.2d 663, 666 (7th Cir.1982) (dictum) (suggesting that 20 C.F.R. § 702.132, is broad enough to encompass delay in payment in appropriate case). Any delay in payment in this case is clearly neither so extreme nor unexpected as to render an otherwise reasonable fee unreasonable. We therefore find the Board's interpretation of the Act and governing regulation reasonable, properly reflecting the policy underlying the statute, and we uphold it.

*Provision of Post-Judgment Interest*

We now consider whether the Board erred in its determination that interest on attorney's fees awarded under 33 U.S.C. § 928 was not available under the statute. Petitioners argue that, although the statute does not mention interest explicitly, the purposes of the Act will be frustrated if such awards are disallowed. Respondents suggest that Congressional silence on the matter of interest dictates against its award as a matter of law.

This court has awarded interest on attorney's fees under a number of different fee-authorizing statutes—none of which mentions interest explicitly. *E.g. Perkins v. Standard Oil Co. of California,* 487 F.2d 672, 675 (9th Cir.1973) (assessing interest on attorney's fees awarded under section 4 of the Clayton Act, 15 U.S.C. § 15); *Spain v. Mountanos,* 690 F.2d 742, 747–48 (9th Cir.1982) (assessing interest on attorney's fees awarded pursuant to 42 U.S.C. § 1988).

In such cases, where awards of attorney's fees are generally understood to complement the purposes of the relevant prohibitory statutes by encouraging private enforcement of the statutes themselves, assessments of interest on fee awards have been seen as necessary incidents to enforcement. *See, e.g., Spain,* 690 F.2d at 748; *see also Gates v. Collier,* 616 F.2d 1268, 1275 (5th Cir.1980) ("[T]he awarding of interest [on attorney's fees] is entirely consistent with the purpose of the Act; to ensure effective enforcement of the civil rights laws").

Petitioners contend that this reasoning applies with equal force to fee awards under 33 U.S.C. § 928. They assert that because awards of attorney's fees are only authorized in cases in which the existence or extent of liability is resisted by the employer, 1972 U.S.Code Cong. & Admin. News, pp. 4698, 4706, 4717; *see also National Steel & Shipbuilding Co. v. United States Dep't of Labor, OWCP,* 606 F.2d 875, 882 (9th Cir.1979), the attorney's fee provision of section 928 expresses the desire of Congress to encourage private enforcement of the Act itself. They further assert that the award of reasonable fees encourages the participation of attorneys in that enforcement, and that such participation—and thereby enforcement of the Act—would be discouraged if attorney's fee awards were effectively limited by the time value of money. Petitioners argue

that attorneys may be discouraged from entering longshore practice if their fees awards can be effectively diminished by the withholding of post-judgment interest awaiting appeal.

It is also suggested that the disallowance of interest on attorney's fees pending appeal will encourage frivolous appeals by allowing carriers effectively to "impound counsel's fees for the duration of the appeal, and then pocket the intervening interest." This concern has been expressed by us and other courts. *See, e.g., Spain,* 690 F.2d at 748 ("[I]t would be anomalous to permit the State in effect to reduce the award by withholding payment for a considerable time"); and *Perkins,* 487 F.2d at 676, ("In [holding interest to run on a judgment of attorney's fees] we decline to hold that the cost of the loss of use of a money judgment pending appeal should be borne by an injured plaintiff rather than a defendant whose initial wrongful conduct invoked the judicial process and who has had the use of the money judgment throughout the period of delay.")

The limitation on petitioners' argument, however, is that the enforcement rationale standing alone is not enough. Where we have allowed assessment of interest on awards in the past, the awards were based, at least in part, on 28 U.S.C. § 1961, providing for the assessment of "[i]nterest ... on any money judgment in a civil case recovered in a district court." Where section 1961 specifically authorizes, we have not hesitated to hold, in cases where enforcement could be encouraged by attorney participation, that section 1961 also applies to judgments of attorney's fees. *E.g., Perkins,* 487 F.2d 672, at 675 ("[O]nce a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed.")

Section 1961, however, is limited on its face to "money judgment[s] in a civil case recovered in a *district court,* " and does not extend to agency awards. Despite this limitation, however, petitioners argue that it is unfair to deny interest on judgments in administrative proceedings where private enforcement is encouraged by the fee-au-thorizing statute itself, since section 1961 provides it to all other federal judgment creditors. They therefore invite us to create a judicial extension of section 1961, to provide for interest on attorney's fee awards assessed by an administrative tribunal.

█ We decline to do so. There is simply no statutory authorization for post-judgment interest in the circumstances urged by the attorneys in this case. Petitioners' arguments in favor of such provision must be addressed to Congress, not to the courts. Although neither section 928 nor the relevant regulation *forbids* the assessment of interest on attorney's fees awarded under the Act, whether such an assessment *should* be permitted (and if so, in what cases) will affect a whole range of cases, not merely that before this court. It is therefore the prerogative of Congress— either by amending the statute or by adopting new regulations—to establish the circumstances, if any, under which such interest may be available. Until Congress explicitly provides otherwise, therefore, we are persuaded to uphold the Board's limited interpretation of the statute as reasonable and adequately reflecting the policy underlying the statute.

Petition DENIED.