Michael FINNEGAN, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Cargill, Incorporated; Red Shield Service Company, Respondents.

No. 94–70301.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 1995.

Decided Nov. 14, 1995.

** Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation.

Robert K. Udziela, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Oregon, for petitioner.

Jay W. Beattie, Lindsay, Hart, Neil & Weigler, Portland, Oregon, for respondents.

Before: WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.

D.W. NELSON, Circuit Judge:

Claimant Michael Finnegan petitions this court for review of a decision by the Benefits Review Board, U.S. Department of Labor, Office of Workers' Compensation Programs. Finnegan maintains that the Board reduced the hourly rate to be paid to the attorneys representing him in his disability claim under the Longshoremen's and Harborworker's Compensation Act, 33 U.S.C. § 901 *et seq.*, without adequately justifying the reduction. We hold that we have jurisdiction to hear the appeal, and we affirm.

## I. *APPEALABILITY OF THE BOARD'S ORDER*

In *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), the Supreme Court held that a limited number of non-final orders might be appealable if they "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225–26. Cargill concedes that the fee order in this matter satisfies the first two requirements: it conclusively determines the question of whether fees are due for the Board appeal, and it resolves an issue completely distinct from the merits of the action. It contends, however, that the award is not unreviewable on appeal from a final judgment, as Finnegan's attorneys will not suffer irreparable harm if they are required to wait until a final order is entered before bringing their appeal.

This court need not address the issue of whether irreparable harm will result, however, since the underlying suit, the claim for benefits, has been settled. *See Morgan v.* *Kopecky Charter Bus Co.*, 760 F.2d 919, 921 (9th Cir.1985) (not necessary to invoke *Cohen* doctrine when final judgment has been rendered); *In re Derickson*, 640 F.2d 946 (9th Cir.1981) (no need to consider irreparable harm when attorney fee question was submitted after judgment in the underlying case).

Moreover, Cargill contends that the Board's order is not final because it did not end the litigation on the merits, but merely awarded fees for services performed before the Board while the underlying claim was remanded to the ALJ. Cargill further notes that since the ALJ's award of attorneys' fees on remand is currently being appealed to the Board, this court may again be required to consider the issue of appropriate attorneys' fees.

Cargill appears to confuse the underlying claim—namely, Finnegan's entitlement to benefits—with the ancillary question of appropriate attorneys' fees. Its attempt to link the Board and ALJ fee orders, based on the erroneous assumption that the ALJ order is the claim underlying the Board order, is fundamentally flawed; the underlying claim is the *claim for benefits,* which has already been settled. Moreover, when reconsidering the issue of appropriate attorneys' fees for services rendered in pursuit of the settlement, the ALJ can neither review nor modify the fees awarded for services performed during the Board appeal. Consequently, the issues of fees for services performed before the Board having been ruled upon by that body, and that ruling being unmodifiable on remand to the ALJ, it is clear that the Board's order "is not of such an interlocutory nature as to affect, or to be affected by" the ALJ's fee decision. *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225–26.

Accordingly, the fee issue which Cargill suggests "may again reach this Court" involves only compensation for services performed in pursuit of the settlement agreement, services which, for the purpose of calculating attorney fee awards, are distinct from those performed during the Board appeal. This matter can thus be easily distinguished from *Rosenfeld v. United States,* 859 F.2d 717 (9th Cir.1988), upon which Cargill relies. In *Rosenfeld,* the district court ordered the payment of interim fees during a

pending matter, and the government appealed the decision. This court held that it had no jurisdiction to hear the appeal, as an interim fee award was not a final order: "The circumstances of this award do not distinguish it from other nonfinal interim fee orders. This award does not dispose of the underlying litigation; it did not come after a final judgment on the merits; it does not even dispose of the issue of attorney's fees, since the district court explicitly provided for revision of the amount at the conclusion of the litigation." *Id.* at 720.

The attorneys' fees at issue in the instant case, however, bear little similarity to the interim fee award that was the subject of litigation in *Rosenfeld.* As 20 CFR § 702.132 indicates, the proceedings at the ALJ and Board levels are, for the purpose of calculating attorney fee awards, two distinct matters. The Board's ruling on the propriety of attorneys' fees for services performed before it must thus be examined as a proceeding entirely separate from the fee order remanded to the ALJ. While the district court in *Rosenfeld* awarded fees for services that were performed in an ongoing matter, the Benefits Review Board awarded fees for the discrete period during counsel's representation of Finnegan that began with the Board appeal, and ended when the Board held that counsel had a right to be compensated for time spent during that appeal, and when it fixed the amount of that compensation. That matter having been resolved, and counsel's services with respect to that matter having been concluded, the fees awarded by the Board could not be characterized as an interim order. Moreover, unlike the district court's order in *Rosenfeld,* which "explicitly provided for revision of the [fee] amount at the conclusion of the litigation," 859 F.2d at 720, the Board's order made no such provision, and can be modified only by that body itself or by this court.

Furthermore, while the *Rosenfeld* court noted that the interim fee award there at issue "[did] not dispose of the underlying litigation … did not come after a final judgment on the merits … [and] did not even dispose of the issue of attorney's fees," 859 F.2d at 720, the fee award in this matter did come after the underlying claim had been settled, and it conclusively resolved the issue

of attorneys' fees for services performed during the Board appeal.

## II. *EXPLANATION OF FEE AWARD*

■ Because this court has jurisdiction to review Board attorney fee awards, the Board must adequately justify those awards so as to allow for meaningful review. *See, e.g., Hobbs v. Director, OWCP,* 820 F.2d 1528 (9th Cir.1987) (reviewing Board's decision to reduce attorneys' fees where fees had been augmented to allow for delay of payment); *Shipyards v. Director, OWCP,* 545 F.2d 1176 (9th Cir.1976) (lump sum attorney fee award which did not disclose which part of fee was awarded to attorney and which part was awarded to nonlawyer representative would have to be remanded to Board). Unlike the Board order at issue in *Shipyards,* however, the fee award at issue in this matter does make findings; the Board notes that Finnegan's lawyers spent only 6 hours on the Board appeal, and finds that the hourly rate of $175.00 for that amount of work was "excessive." Accordingly, this court need not order the Board to further justify its award.

The order of the Benefits Review Board is AFFIRMED.