Henry J. **ANDERSON**, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Brady–Hamilton Stevedore Company; Manhattan Re–Insurance Company, Respondents.**

No. 94–70750.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1996.

Decided Aug. 5, 1996.

Charles Robinowitz, Portland, Oregon, for petitioner.

John Dudrey, Williams, Fredrickson & Stark, Portland, Oregon, for respondent.

Before REINHARDT, KOZINSKI and FERNANDEZ, Circuit Judges.

KOZINSKI, Circuit Judge.

Glacial is the speed with which some administrative agencies of the federal government dispose of the claims presented to them. To the extent a successful claimant is entitled to attorney's fees, the delay erodes the value of the eventual fee award and forces the lawyer to bear the cost of the agency's procrastination. The principal question presented is the extent to which the attorney's fees must be adjusted to take account of any extraordinary delay.

## I

Anderson injured his back when he slipped and fell on a ship's deck on September 4, 1982. He claimed permanent total disability under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.* His employer disputed the claim, and on December 4, 1982, Anderson hired an attorney. A hearing was held before an Administrative Law Judge on February 26 and 28, 1985, resulting in a decision and order in favor of Anderson on July 30, 1986. The employer appealed, and the Benefits Review Board affirmed the ALJ's decision almost seven years later, on May 21, 1993. The employer appealed that decision, and we vacated and remanded with instructions to adjust the benefits in keeping with the statutory limit. *Brady–Hamilton Stevedore Company v. Director, Office of Workers' Compensation Programs,* 58 F.3d 419 (9th Cir.1995).

On August 18, 1986, following the ALJ's decision and order, Anderson filed an affidavit for attorney's fees and costs with the district director in the Office of Workers' Compensation Programs (OWCP). He requested his attorney's then-hourly rate of $125 for services provided between December 1982 and June 1984. Having received no response by January 21, 1992, Anderson filed a supplemental affidavit, requesting an hourly rate of $150 for his lawyer's services and $50 per hour for legal assistant services. In addition, he requested reimbursement for the preparation of both of his fee applications.

On March 6, 1992, the OWCP awarded $125 per hour for attorney services through June 1984, $150 per hour for attorney services from September 1986 to January 1992, and $40 for legal assistant services. It made no adjustment for the delay in the fee award and denied compensation for time spent preparing fee applications. The BRB affirmed these determinations on May 21, 1993, and again on September 19, 1994. We now consider Anderson's appeal from the BRB's decisions concerning attorney's fees.

## II

As the prevailing party in an LHWCA suit, Anderson is entitled to receive "a reasonable attorney's fee against the employer." 33 U.S.C. § 928(a). Anderson says what's reasonable is the "current rate"—the rate his lawyer charged at the time of the fee award in 1992. Respondents counter that Anderson is only entitled to the "historic rate"—the rate his lawyer charged at the time the services were rendered (primarily between 1982 and 1984), with no adjustment for inflation or the time value of money. Neither is precisely right.

The Supreme Court has held that, under the fee-shifting provisions of the Civil Rights Act, 42 U.S.C. § 1988, "[a]n adjustment for delay in payment is . . . an appropriate factor in the determination of what constitutes a reasonable attorney's fee." *Missouri v. Jenkins*, 491 U.S. 274, 284, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989). The Court reasoned that attorney's fees "are to be based on market rates" and such rates are based on the assumption that bills will be paid reasonably promptly; delays in payment thus deprive successful litigants of the market rates. *Id.* at 283, 109 S.Ct. at 2469. To make up the difference, losses from delay can be compensated "by the application of current rather than historic hourly rates or otherwise." *Id.* at 284, 109 S.Ct. at 2469. Thus, the Court held that there may be some adjustment for the delay, but the method of adjustment is somewhat discretionary; it does not necessarily call for payment of the lawyer's

current hourly rate. Because a "reasonable" fee should mean the same thing under all federal fee-shifting statutes, *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449 (1992), *Jenkins* calls for a delay enhancement under the LHWCA.

■ Respondents, however, argue that LHWCA cases are different because in such cases delay is a fact of life. They rely on *Hobbs v. Director, OWCP*, 820 F.2d 1528 (9th Cir.1987), where we upheld the BRB's first attempt to address delay enhancements. We deferred to the BRB's presumption that a reasonable fee under the LHWCA did not call for a delay enhancement because attorneys for longshoremen typically factor in the likelihood of delay when they set their fees. *Id.* at 1529–30. But as the BRB recently acknowledged, *Jenkins* and *Dague* have changed the fee-shifting landscape since *Hobbs*, so that LHWCA cases may not be given special treatment; a delay enhancement is therefore appropriate under the Act. *Nelson v. Stevedoring Services of America, et al.*, 29 BRBS 90, 97 (1995) ("In light of the Supreme Court's decisions in *Jenkins* and *Dague*, it is clear that enhancement for delay is appropriate in fee awards under Section 28 of the Act."). And, as in *Hobbs*, we "will respect the Board's interpretation of the Act if that interpretation is reasonable and reflects the policy underlying the statute." *Hobbs*, 820 F.2d at 1529; *see Mesa Verde Const. Co. v. Northern Cal. Dist. Council of Laborers*, 861 F.2d 1124, 1134–35 (9th Cir. 1988) (three judge panel is free to adopt a new and reasonable agency interpretation of the law so long as "prior decisions of this court constitute[d] only deferential review"). To the extent the BRB in this case relied on *Hobbs*'s presumption against delay enhancements, ER at 46, its decision contravenes the position it took in *Nelson*.[1] Because we must defer to the Board by adopting its more recent interpretation in *Nelson*, our decision in *Hobbs* regarding the availability of delay awards is no longer good law in this circuit.

---

1. *Nelson* specifically overruled as inconsistent with *Jenkins* two other decisions relied on below, *Fisher v. Todd Shipyards Corp.*, 21 BRBS 323 (1988), and *Blake v. Bethlehem Steel Corp.*, 21 BRBS 49 (1988).

■ In addition to relying on *Hobbs*, the BRB below deferred to the OWCP district director, holding that a delay enhancement was purely discretionary in this case. Although *Nelson* appears to circumscribe the district director's discretion to deny an enhancement even in cases of ordinary delay,[2] Anderson's case is much stronger because it involves extreme delay: Ten years elapsed between the time services were rendered and the time a fee was awarded. There is no indication that Anderson's lawyer bears any blame for this delay; he filed his fee application in 1986 for services rendered between 1982 and 1984, but the OWCP did not rule on it until 1992, almost 6 years later.[3] It has now been 14 years since Anderson's lawyer was hired, and he still hasn't been paid. *Nelson* involved only an 11 year wait for payment. More importantly, the lawyers in *Nelson* did not have to wait almost 6 years for action on their fee petition. Nevertheless, the BRB found that it was an abuse of discretion to fail to award a delay enhancement in *Nelson*. A fortiori, the same is true here.

We therefore remand to the OWCP to award a delay enhancement. Under normal circumstances, the OWCP would be entitled to exercise its discretion in selecting the method of enhancement by awarding either current rates or historic rates adjusted to reflect present values. *See Gates v. Deukmejian*, 987 F.2d 1392, 1407 (9th Cir. 1992). However, these are extraordinary circumstances, the delay being even more egregious than in *Nelson* where the BRB approved an award of current rates. To avoid the possibility of further delay caused by yet another appeal, we order the OWCP on remand to award Anderson's attorney fees at his current hourly rates.

## III

■ It's now well established that time spent in preparing fee applications under 42 U.S.C. § 1988 is compensable. *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). Such compensation must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received. As the definition of what is a reasonable fee applies uniformly to all federal fee-shifting statutes, *Dague*, 505 U.S. at 562, 112 S.Ct. at 2641, *Clark* applies here as well. The BRB erred in holding otherwise.

The respondents, nevertheless, argue that the time and costs claimed for preparation of the fee petition were excessive. This argument is misplaced: If Anderson's attorney spent too much time on the fee petition, the OWCP was entitled to reduce the award. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983) (hours not "reasonably expended" should be excluded from the initial calculation); *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1384 (9th Cir.1990) (same). But the OWCP denied fees for preparation of the application altogether, so the question on appeal is not the reasonableness of the amount claimed, but whether *any* compensation for preparing fee applications must be included as part of an award. Our cases say they do. Consequently, the OWCP on remand shall award Anderson's counsel reasonable compensation for time spent preparing the fee applications.

**VACATED AND REMANDED.**

---

2. The BRB in *Nelson* declared that "[t]o summarize, we hold that where the question of delay is timely raised, the body awarding the fee *must* consider this factor." 29 BRBS at 97 (emphasis added) (citation omitted). Because this aspect of the BRB's ruling is somewhat ambiguous, we hesitate to declare that the BRB intended to interpret the LHWCA as requiring enhancements in cases of ordinary delay.

3. We note that Anderson's lawyers cannot recover for delay due to appeals of the fee award. As *Hobbs* explained, a fee award under the LHWCA is not a final judgment entitled to interest under 28 U.S.C. § 1961 and the Act does not otherwise provide for post-judgment interest; therefore, any enhanced recovery for the extraordinary time of taking an appeal would amount to an award of interest unauthorized by statute. 820 F.2d at 1531.