**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES R. KERNS,
Petitioner,

v.

CONSOLIDATION COAL COMPANY;

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 95-2052

On Petition for Review of an Order
of the Benefits Review Board.
(90-2278-BLA)

Argued: March 6, 1996

Decided: May 18, 1999

Before WIDENER and WILKINS, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Vacated and remanded by published opinion. Judge Widener wrote
the opinion, in which Judge Wilkins and Senior Judge Chapman
joined.

_____

**COUNSEL**

**ARGUED:** Robert F. Cohen, Jr., COHEN, ABATE & COHEN, P.C.,
Fairmont, West Virginia, for Kerns. Elizabeth A. Goodman, UNITED
STATES DEPARTMENT OF LABOR, Washington, D.C., for Direc-

tor. William Steele Mattingly, JACKSON & KELLY, Morgantown, West Virginia, for Consolidation Coal. **ON BRIEF:** Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara M. Nece, Counsel for Appellate Litigation, Eileen Mary McCarthy, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Director.

_____

**OPINION**

WIDENER, Circuit Judge:

In this case we are asked to decide whether a black lung attorney's fee may be increased on account of the passage of time. An administrative law judge (ALJ) awarded attorney's fees to Robert F. Cohen, Jr. in 1984. Cohen received payment in 1990. He is before this court seeking a supplemental award to compensate him for the six years delay between the award of the fee and the payment of the fee. We are of opinion that such a fee may be so enhanced and remand for consideration of the attorney's motion.

The chronology of this case is somewhat complicated because of the passage of time. An ALJ awarded Charles R. Kerns black lung benefits on June 20, 1984. On July 16, 1984 Kerns' attorney, Robert F. Cohen, Jr., filed a petition for compensation at $100 per hour for 59 hours of work. On November 15, 1984 the ALJ approved 39.5 hours at $80 per hour. Cohen filed a request for reconsideration, and the ALJ denied that request on January 17, 1985.

Meanwhile, Consolidation Coal Company had appealed the June 20, 1984 award of Kerns' black lung benefits to the Benefits Review Board. Cohen filed a cross-appeal and asked the Board to vacate the ALJ's November 15, 1984 order and to increase his attorney fee award. The Board's decision of November 24, 1986 vacated Kerns' award of black lung benefits and remanded the case for reconsideration. The Board also affirmed Cohen's award of attorney's fees, but held the award in abeyance pending the final outcome of the remand. On remand, a different ALJ denied Kerns' black lung claim on June 10, 1987. Kerns appealed to the Board, and on January 31, 1989 the

2

Board reversed the ALJ and awarded black lung benefits to Kerns. The Board denied Consolidation Coal's motion for reconsideration on April 28, 1989. Consolidation Coal then petitioned for review in this court, and we affirmed Kerns' award of benefits on May 8, 1990. Cohen received his attorney's fee in July 1990 for work performed before the first ALJ, Maurer. Consolidation Coal's check is dated July 20, 1990, and the motion states July 23, 1990, a difference of no consequence.

On July 24, 1990 Cohen filed a motion for a supplemental attorney's fee because of the six year delay between the award of the fee in 1984 and the payment of the fee in 1990. That is the question before us today.

A second ALJ, Murty, denied the request on August 22, 1990. Cohen petitioned for review, and the Board affirmed the denial of a supplemental fee on March 30, 1995. The Board determined that Cohen's application was not timely filed because he should have taken action for enhancement of his award in 1986 before the Board's affirmance of the ALJ's award of attorney's fees became final.

Cohen now appeals to this court and asks us to decide three issues. First, whether a delay between the award of a black lung attorney's fee and the payment of the fee should be considered in determining the reasonableness of the fee award. Second, whether the Board's March 30, 1995 decision and order was arbitrary, capricious, or contrary to law. Third, whether a supplemental attorney's fee is a legally permissible method for modifying a fee award when there is a delay between the award of the fee and the payment of the fee.

When reviewing a decision of the Benefits Review Board, we apply the same standard the Board applies on reviewing an ALJ's decision. Walker v. Director, OWCP, 927 F.2d 181, 183 (4th Cir. 1991). An ALJ's award of attorney's fees is discretionary, and will be upheld on appeal unless arbitrary, capricious, an abuse of discretion, or contrary to law. See Abbott v. Director, OWCP , 13 BLR 1-15 (Ben. Rev. Bd. June 30, 1989). We review conclusions of law de novo. Walker, 927 F.2d at 183.

3

The Black Lung Benefits Act provides for attorney's fees for the successful prosecution of a claim under the statute. **1** The prosecution of a claim is not successful until the claimant's compensation order becomes final. 33 U.S.C. § 928(a) (incorporated into the Black Lung Benefits Act by 30 U.S.C. § 932(a)). Once the order is final, the attorney may apply for fees to each tribunal before whom he appeared on behalf of the claimant. 20 C.F.R. § 725.366(a); Department of Labor v. Triplett, 494 U.S. 715, 718 (1990).

The regulations provide that an attorney must file his fee request "within the time limits allowed by the deputy commissioner, administrative law judge, or appropriate appellate tribunal." 20 C.F.R. § 725.366(a). The Benefits Review Board requires that fee requests be filed within sixty days of the final order in a case. 20 C.F.R. § 802.203(c). The ALJ in this case required Cohen to file his fee request within thirty days of the June 29, 1984 Decision and Order.**2** An attorney may request a reconsideration of his fee award, and the regulations do not provide for a time limit within which this request must be filed. See 20 C.F.R. § 725.366(d)-(e).

_____

**1** The statute provides:

> If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits shall hereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.

33 U.S.C. § 928(a) (incorporated into the Black Lung Benefits Act by 30 U.S.C. § 932(a)).
**2** According to the Director, ALJs routinely require attorneys to file fee requests within thirty days of a decision awarding benefits.

4

As a preliminary matter, any objections to our jurisdiction are not well taken. We could not have considered the question of an attorney fee award in 1986. The question would have been premature because the issue of Consolidation Coal's liability was yet undecided. Had Consolidation Coal ultimately prevailed on the liability issue, Cohen would not be entitled to any fee award. Consolidation Coal's argument that Cohen should have cross-appealed the Board's 1989 decision awarding Kerns benefits is also incorrect because the benefits to Kerns were not final until our decision of May 1990 and thus Cohen's fee request was not before the Board in 1989.

Cohen could not have appealed the Board's 1986 decision to us because the Board vacated the benefits award and remanded the case to the ALJ. Cohen could not have filed a supplemental fee request with the ALJ in 1987 because the ALJ denied benefits. When the Board awarded benefits in 1989, the issue of Cohen's fees was not before the Board because, as has been noted, prior to our decision affirming the Board's decision to award benefits, Cohen was not entitled to any fees.

Cohen complied with the ALJ's requirement by filing his fee request within thirty days and because of the various decisions in the case, he was unable to request supplemental fees or to have the issue of his fees before this court. Cohen's only recourse was to file a request for supplemental fees with the ALJ after our 1990 decision became the final order in this court. Therefore, we are of opinion that the ALJ was required to consider the merits of Cohen's supplemental fee request in 1990.

We note that the Board has recently held that enhancement for delay is appropriate in Black Lung attorney's fee award cases. See Nelson v. Stevedoring Servs. of America, 29 BRBS 90 (June 28, 1995) (overruling statements in prior decisions by the Board holding that awarding a higher rate to account for delay is an abuse of the ALJ's discretion). Although the law at the time Cohen filed his fee request did not require that the ALJ consider enhancement for delay, current law does. On remand, the ALJ must consider Cohen's supplemental fee request in light of the law as it now exists. See Nelson, supra; Bradley v. School Board of Richmond, 416 U.S. 696, 711 (1974)

5

("[A] court is to apply the law in effect at the time it renders its decision . . . .").

We thus vacate the order of the Board denying consideration on the merits of the motion of Cohen and remand this case to the Board for further remand to the ALJ for consideration of whether or not to enhance the fee of Cohen for the period between 1984 and July 1990.

VACATED AND REMANDED WITH INSTRUCTIONS[3]
_____
**3** Accord: Anderson v. Director, OWCP, 91 F.3d 1322 (9th Cir. 1996).

6