Lauren M. CRUZ, by her next friend Jean Cruz; Valerie Herrera, by her next friend Carolina Herrera; Jennifer N. Cerros; Catherine Grempel, by her next friend Tina Grempel, individually and on behalf of all those similarly situated, Plaintiffs–Appellants,

v.

ALHAMBRA SCHOOL DISTRICT; City of Alhambra; Russell Leesung; Victor Sandoval; Lou Torres; William A. Vallejos; John H. Nunez; Robert L. Gin; Ruth E. Castro; Barbara A. Messina, in their official capacities, Defendants–Appellees.

No. 06–55811.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2008.

Filed June 12, 2008.

Elizabeth Kristen, Sharon Terman, Esq., The Legal Aid Society/Employment Law Center, San Francisco, CA, Vicky L. Barker, Esq., California Women's Law Center, Los Angeles, CA, for Plaintiffs–Appellants.

Gary Robert Gibeaut, Esq., Gibeaut, Mahan & Briscoe, Los Angeles, CA, Elizabeth R. Feffer, Esq., Jones & Mayer, Fullerton, CA, for Defendants–Appellees.

Before: PREGERSON and WARDLAW, Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

Plaintiffs are current and future female students at Alhambra High School. They brought this successful Title IX class action against various individuals, the Alhambra Unified School District, and the City of Alhambra for their failure to provide female students with an equal opportunity to participate in school athletics.

After several years of litigation, the parties entered into settlement agreements that granted Plaintiffs their requested relief. The settlement agreements provided that the district court would retain jurisdiction over the case to determine attorneys' fees. Accordingly, on January 10,

---

\* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2006, Plaintiffs moved for $975,599.61 [1] in attorneys' fees under 42 U.S.C. § 1988. The district court recognized that Plaintiffs had prevailed and that they had obtained "excellent results." Nevertheless, the district court awarded Plaintiffs only approximately one-third of their requested fees. The district court also denied Plaintiffs' subsequent motion to amend or alter the judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)").

Plaintiffs now appeal both of the district court's orders.[2] We have jurisdiction under 28 U.S.C. § 1291.[3] We vacate the fee order, reverse the Rule 59(e) order, and remand for further proceedings.

## 1. Standard of Review

We review the factual determinations underlying an award of attorneys' fees for clear error, and the legal premises a district court uses to determine an award de novo. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147–48 (9th Cir.2001) (per curiam) (citations omitted). "If we conclude that the district court applied the proper legal principles and did not clearly err in any factual determination, then we review the award of attorneys' fees for an abuse of discretion." *Id.* As part of our abuse of discretion review, we consider whether the district court met its obligation "to articulate ... the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar." *Gates*

*v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992).

We review the denial of a motion under Rule 59(e) for abuse of discretion. *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir.2004).

## 2. Lodestar Calculation

Under 42 U.S.C. § 1988, a district court may, in its discretion, award attorneys' fees to the prevailing party in an action brought under 42 U.S.C. § 1983. To determine the appropriate fee award under § 1988, district courts must use the lodestar method, which involves multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *See Camacho v. Bridgeport*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining that the Ninth Circuit requires district courts to perform the lodestar calculation).

"'Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.'" *Id.* (quoting *Ferland*, 244 F.3d at 1149 n. 4). For example, in limited circumstances, a district court may apply an across-the-board percentage to the lodestar figure "as a practical means of trimming the fat from a fee application." *Gates*, 987 F.2d at 1399 (citation omitted). However, "decisions of district courts employing percentages in cases involving large fee requests are subject to heightened scrutiny." *Id.* at 1400. Moreover, "the use of percentages, in any case, nei-

---

**1.** This amount includes (1) Plaintiffs' request to be compensated for the "merits" work completed after their January 10, 2006 fee motion was filed—namely, drafting the joint motion for final approval of the settlement agreements—and (2) Plaintiffs' request for a 25% enhancement for excellent results.

**2.** The parties are familiar with the facts of this case, and we repeat them only to the extent necessary to understand our disposition.

**3.** We reject Defendants' contention that Plaintiffs' waived the right to appeal the district court's fee award.

ther discharges the district court from its responsibility to set forth a 'concise but clear' explanation of its reasons for choosing a given percentage reduction nor from its duty to independently review the applicant's fee request." *Id.*

■ In this case, the district court erred twice. First, it failed to use the lodestar method as a starting point for determining Plaintiffs' reasonable attorneys' fees. Instead, the district court took Plaintiffs' proposed lodestar, cited several reasons why it believed that figure was excessive, and reduced it by more than 60%. Second, the district court failed to explain how the purported deficiencies in Plaintiffs' fee application correlated to a 60% lodestar reduction.[4] Absent a concise but clear explanation of the district court's reasons for choosing a 60% reduction, we cannot conduct a meaningful review of the district court's order. *See, e.g., Gates*, 987 F.2d at 1401–02 (vacating and remanding where the district court failed to explain why Plaintiffs' proposed lodestar was subject to a 10% reduction); *Tutor–Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir.2006) (vacating and remanding a fee order "because the district court failed to provide a sufficiently detailed explanation of how it reached its award"). We therefore vacate the fee order and remand so that the district court may conduct the required lodestar analysis and specify what portions of Plaintiffs' request—if any—warrant a lodestar reduction.[5]

**3. Additional Fees**

■ We also hold that the district court abused its discretion when it denied Plaintiffs' request for the fees they incurred after filing their January 10, 2006 motion. *See, e.g., Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995) (holding that a district court's "fees on fees" award is reviewed for an abuse of discretion). It is well established that time spent preparing a fee application is compensable. *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir.1986). Moreover, if a request for fees on fees includes any non-compensable time, the district court should reduce the requested award rather than deny it altogether. *Anderson v. Dir., Office of Workers' Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996).

In their January 10, 2006 fee motion, Plaintiffs specifically mentioned that their proposed lodestar only included compensation for fee-related services "to date." Plaintiffs then cited to the accompanying declaration of attorney Patricia A. Shiu, which (1) explained that the proposed lodestar only represented Plaintiffs' fees to date, (2) provided estimates of future fees, and (3) indicated that Plaintiffs would provide updated amounts and documentation

---

4. For example, the district court concluded that Plaintiffs had billed for (1) an unreasonable duplication of efforts, (2) excessive inter- and intra-office conferencing, and (3) non-billable clerical and administrative tasks. The district court also concluded that Plaintiffs' requested hourly rates were too high. Finally, the district court concluded that Plaintiffs' work on this important Title IX class action was not "rare or exceptional." Assuming that the district court's conclusions were well-founded—which we have reason to doubt—the district court was nonetheless obligated to explain why the problems it had

identified accounted for 60% of the alleged over-billing.

5. In conducting the lodestar analysis, the district court should carefully consider Plaintiffs' request in light of (1) the number of years they spent litigating this successful class action, (2) the number of drafts of the settlement agreements that Plaintiffs prepared and reviewed, (3) the considerable skill and expertise of Plaintiffs' counsel, and (4) the undeniably excellent results Plaintiffs obtained for the young women of Alhambra High School.

in their reply papers. In its initial fee order, however, the district court failed to acknowledge Plaintiffs' request for additional fees. Then, in its Rule 59(e) order, the district court refused to award those fees on waiver grounds, stating that "Plaintiffs gave no indication in their moving papers that they would be amending their request." Because we find that Plaintiffs provided sufficient notice of their intent to request additional fees, we reverse the district court's waiver holding.

We also reverse the district court's alternative holding that Plaintiffs submitted insufficient evidence in support of their Rule 59(e) motion. The district court did not discuss the substance of Plaintiffs' evidence; instead, it merely criticized Plaintiffs for attaching their billing records as supplemental exhibits, then summarily concluded that "[a] request for attorney's fees should not result in a second major litigation." Given this cursory analysis, we cannot determine whether the district court actually reviewed Plaintiffs' evidence or simply discounted it.

We conclude that Plaintiffs are entitled to compensation for the merits work they completed after they filed their January 10, 2006 fee application. Plaintiffs are also entitled to their reasonable fees on fees. We reverse the denial of the Rule 59(e) motion and remand so that the district court may review Plaintiffs' evidence and use the lodestar method to determine Plaintiffs' additional fees.

### 4. Conclusion

The district court erred by failing to explain why Plaintiffs' proposed lodestar should be reduced by 60%, and it abused its discretion by rejecting Plaintiffs' request for fees incurred after January 10, 2006. Accordingly, we vacate the fee order, reverse the Rule 59(e) order, and remand this case for further proceedings consistent with this disposition.

**VACATED in part, REVERSED in part, and REMANDED.**[6]

---

6. Plaintiffs have indicated that they intend to file a motion for the attorneys' fees and costs that they incurred on this appeal.

