**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY MODAR, | No. 14-70667 |
| *Petitioner*, | BRB No. 13-0319 |
| v. | OWCP No. 14-127525 |
| MARITIME SERVICES CORPORATION; SAIF CORPORATION; and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, | MEMORANDUM[*] |
| *Respondents*. | |

Petition for Review of an Order of
the Benefits Review Board

Submitted October 16, 2015[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Before: TASHIMA and BEA, Circuit Judges and BURNS,[***] District Judge.

Gregory Modar petitions for review of the final order of the Benefits Review Board ("BRB") affirming the District Director's award of attorney's fees pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq*. Petitioner was awarded $6,218.64 in attorney's fees. He contends that the BRB erred in affirming a delay enhancement that, in 2012, awarded 2008 rates for services performed in 2004 and 2005.[1] Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. We have jurisdiction under 33 U.S.C. § 921(c), and we grant the petition.

We review the BRB's award of attorney's fees for abuse of discretion. *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1052 (9th Cir. 2009). As the prevailing party in an LHWCA suit, Modar is entitled to receive "a reasonable attorney's fee against the employer." 33 U.S.C. § 928(a). "[C]ompensation received several years after the services were rendered . . . is not equivalent to the same dollar amount received reasonably promptly as the legal services are

---

[***] The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

[1] In this case, the difference between the awarded 2008 rates and the then-current 2012 rates is $294.03. We leave it to the BRB to determine whether a further delay enhancement, occasioned by this review proceeding, is warranted.

2

performed." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283 (1989). We have similarly held that "[f]ull compensation *requires charging current rates* for all work done during the litigation . . . ." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) (emphasis added). This rule applies in LHWCA fee cases. *See Anderson v. Dir., OWCP*, 91 F.3d 1322, 1324 (9th Cir. 1996) ("Under normal circumstances, the OWCP would be entitled to exercise its discretion in selecting the method of enhancement by awarding either current rates or historic rates adjusted to reflect present values."). By affirming an award that reflected neither current rates nor present value, the BRB abused its discretion because it did not apply the correct legal standard. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

We therefore vacate the BRB's order and remand for further proceedings.

Petition for review **GRANTED and REMANDED.**

*Modar v. Maritime Servs. Corp.*, No. 14-70667

BURNS, District Judge, dissenting:

I would deny the petition for review.

*First*, the BRB was not *required* to award a delay enhancement under the facts of this case. *Compare Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996) (finding the BRB abused its discretion in failing to award a delay enhancement where there was a 10 year delay between the time services were rendered and the time a fee was awarded) *with Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1056 (9th Cir. 2009) (finding that the BRB didn't abuse its discretion by concluding that a 2 year delay wasn't long enough for enhancement).  The delay here — 8 years — was longer than the one in *Christensen*, but shorter than the one in *Anderson*.  Petitioner's counsel was not *automatically* entitled to a delay enhancement at his current hourly rate under this circuit's precedents.

*Second*, as *Christensen* illustrates, the BRB isn't obligated to compensate for every trivial difference between the time services were rendered and the time compensation was received. *See also In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 n.14 (9th Cir. 1994) (noting that the difference between the court's award and an award based on current rates was "significant").  The purpose of awarding a delay enhancement is to compensate for the lost value

of money.  *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 425 (3d Cir. 1993).  The paltry additional amount that petitioner's counsel is seeking here – a total of $294.03 – doesn't implicate time value of money concerns.

*Third*, we owe the BRB some deference and should only reverse if there is an abuse of discretion. *Christensen*, 557 F.3d at 1052 (BRB's decisions reviewed for abuse of discretion); *Todd Shipyards v. Director, Office of Workers' Compensation Programs ("OWCP")*, 792 F.2d 1489, 1491 (9th Cir. 1986) (court must respect BRB's interpretation of the statute when it is reasonable and reflects the policy underlying the statute).  There was none here.  The BRB approved a hybrid delay enhancement that fit the facts of this case.  The award recognized that counsel had worked on the case sporadically over a number of years and divided the litigation into two phases – early and late.  He was paid his current rate for the late phase.  This approach was fair, *see N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1153 (2nd Cir. 1983) (even in protracted cases, it is acceptable to divide the litigation into phases and use different rates for the early phase and the later phase), and it lessened the risk of overcompensating counsel for the time he spent early on.  S*ee Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 663 (7th Cir. 1985) (using current hourly rates in protracted

cases may produce a windfall since changes in hourly rates reflect not only inflation but also an attorney's increased experience and skill).

For all three reasons, I respectfully dissent.