MEMORANDUM***
Gregory Modar petitions for review of the final order of the Benefits Review Board (“BRB”) affirming the District Director’s award of attorney’s fees pursuant to the Longshore and Harbor Workers’ Compensation Act (“LHWCA”), 33 U.S.C. § 901 et seq. Petitioner was awarded $6,218.64 in attorney’s fees. He contends that the BRB erred in affirming a delay enhancement that, in 2012, awarded 2008 rates for services performed in 2004 and 2005.[1] Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. We have jurisdiction under 33 U.S.C. § 921(c), and we grant the petition.
We review the BRB’s award of attorney’s fees for abuse of discretion. Christensen v. Stevedoring Servs. of Am., 557 F.3d 1049, 1052 (9th Cir.2009). As the prevailing party in an LHWCA suit, Modar is entitled to receive “a reasonable attorney’s fee against the employer.” 33 U.S.C. § 928(a). “[Compensation received several years after the services were rendered ... is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed.” Missouri v. Jenkins by Agyei, 491 U.S. 274, 283, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). We have similarly held that “[fjull compensation requires charging cuwent rates for all work done during the litigation.... ” In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1305 (9th Cir.1994) (emphasis added). This rule applies in LHWCA fee cases. See Anderson v. Dir., OWCP, 91 F.3d 1322, 1324 (9th Cir.1996) (“Under normal circumstances, the OWCP would be entitled to exercise its discretion in selecting the method of enhancement by awarding either current rates or historic rates adjusted to reflect present values.”). By affirming an award that reflected neither current rates nor present value, the BRB abused its discretion because it did not apply the correct legal standard. See United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir.2009) (en banc).
We therefore vacate the BRB’s order and remand for further proceedings.
*911 Petition for review GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In this case, the difference between the awarded 2008 rates and the then-current 2012 rates is $294.03, We leave it to the BRB to determine whether a further delay enhancement, occasioned by this review proceeding, is warranted.