BURNS, District Judge,
dissenting:
I would deny the petition for review.
First, the BRB was not required to award a delay enhancement under the facts of this case. Compare Anderson v. Dir., Office of Workers Comp. Programs, 91 F.3d 1322, 1325 (9th Cir.1996) (finding the BRB abused its discretion in failing to award a delay enhancement where there was a 10 year delay between the time services were rendered and the time a fee was awarded) with Christensen v. Stevedoring Servs. of Am., 557 F.3d 1049, 1056 (9th Cir.2009) (finding that the BRB didn’t abuse its discretion by concluding that a 2 year delay wasn’t long enough for enhancement). The delay here — 8 years— was longer than the one in Christensen, but shorter than the one in Anderson. Petitioner’s counsel was not automatically entitled to a delay enhancement at his current hourly rate under this circuit’s precedents.
Second, as Christensen illustrates, the BRB isn’t obligated to compensate for every trivial difference between the time services were rendered and the time compensation was received. See also In re Washington Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1305 n. 14 (9th Cir.1994) (noting that the difference between the court’s award and an award based on current rates was “significant”). The purpose of awarding a delay enhancement is to compensate for the lost value of money. Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 425 (3d Cir.1993). The paltry additional amount that petitioner’s counsel is seeking here— a total of $294.03 — doesn’t implicate time value of money concerns.
Third, we owe the BRB some deference and should only reverse if there is an abuse of discretion. Christensen, 557 F.3d at 1052 (BRB’s decisions reviewed for abuse of discretion); Todd Shipyards v. Director, Office of Workers’ Compensation Programs (“OWCP”), 792 F.2d 1489, 1491 (9th Cir.1986) (court must respect BRB’s interpretation of the statute when it is reasonable and reflects the policy underlying the statute). There was none here. The BRB approved a hybrid delay enhancement that fit the facts of this case. The award recognized that counsel had worked on the case sporadically Over a number of years and divided the litigation into two phases — early and late. He was paid his current rate for the late phase. This approach was fair, see N.Y. State Ass’n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1153 (2nd Cir.1983) (even in protracted cases, it is acceptable to divide the litigation into phases and use different rates for the early phase and the later phase), and it lessened the risk of overcompensating counsel for the time he spent early on. See Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc., 776 F.2d 646, 663 (7th Cir.1985) (using current hourly rates in protracted cases may produce a windfall since changes in hourly rates reflect not only inflation but also an attorney’s increased experience and skill).
For all three reasons, I respectfully dissent.