**NOT FOR PUBLICATION**



**FILED**

NOV 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| MARK B. HARDMAN, Deceased, | ) | No. 17-73370 |
| | ) | |
| Petitioner, | ) | BRB No. 17-0097 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| MARINE TERMINALS CORPORATION; SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD.; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, | ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted November 5, 2018**
Portland, Oregon

Before: FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,*** District

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

***The Honorable William K. Sessions III, United States District Judge for

(continued...)

Judge.

Mark B. Hardman petitions for review of the decision of the United States Department of Labor's Benefits Review Board (BRB) which affirmed the award of fees made by the District Director (Director) to Hardman's attorney, Charles Robinowitz, for his services and those of his paralegal. We deny the petition.

Hardman was entitled to obtain an award of a reasonable attorney's fee for Robinowitz for the services provided to Hardman by Robinowitz and his paralegal. *See* 33 U.S.C. § 928(a); 20 C.F.R. § 703.132(a). He asserts that the Director erred in various ways in deciding the amount of that fee and that the BRB erred when it affirmed the award. We review the decision of the BRB "for abuse of discretion." *See Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1052 (9th Cir. 2009).

(1) Hardman first asserts that it was error to use the national Consumer Price Index (CPI) to adjust the baseline hourly rates for 2012, which were selected by the Director, to increase those rates to the current market rate for later years. We disagree. Our cases have made it plain that in determining the amount of reimbursement for counsel's fees in obtaining an award under the Longshore and

Harbor Workers' Compensation Act[1] (the Act), the rate should be "in line with [the rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[2] When sufficient time has passed between the dates services are actually rendered and the date on which fees are awarded, the rates should usually be increased to account for that delay. *See Anderson v. Director*, 91 F.3d 1322, 1324–25 (9th Cir. 1996); *see also Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 283–84, 109 S. Ct. 2463, 2469, 105 L. Ed. 2d 229 (1989); *cf. Christensen*, 557 F.3d at 1056.

The parties do not contest the proposition that it was proper to increase the rates over those for 2012. We acknowledge that there is a Portland–Salem area CPI figure, that the Director used the national CPI figure, and that the BRB affirmed without explaining why the latter, rather than the former, was used. In tailoring the fee rates to the general area where Robinowitz's services were rendered, the BRB and the Director could have chosen the Portland–Salem CPI, but they did not abuse their discretion when they decided to choose the more

---

[1]*See* 33 U.S.C. §§ 901–50.

[2]*Shirrod v. Director*, 809 F.3d 1082, 1086 (9th Cir. 2015) (internal quotation marks omitted); *see also Christensen*, 557 F.3d at 1053.

3

widely used and relied upon[3] national CPI.

(2) Hardman next asserts that it was error to refuse to increase the rates determined for 2013 and 2014 up to market rates for 2016, even though the rates for 2007 to 2011 were so increased.  We do not agree.  As noted above, reimbursement rates are normally increased to account for delay from the dates services are rendered to the date of the award.  However, we have held that the increase is not required for services rendered when the BRB decides that the delay was not "long enough to merit augmentation."  *See Christensen*, 557 F.3d at 1056. Under the circumstances we decided that it "was not an abuse of discretion" to deny a delay enhancement for a two-year period.  *Id*.  The BRB applied that exception here.  Hardman suggests that *Christensen* was wrongly decided, and should be overturned.  We cannot overturn that case,[4] and we decline to call for an en banc review sua sponte.[5]  Beyond that, Hardman alludes to an issue regarding the decision about the length of the delay here.  However, he presents no reasoned briefing on that subject, and we deem the issue waived.  *See Greenwood v. FAA*, 28

---

[3]*See, e.g.*, *Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1083–89 (S.D. Cal. 2005).

[4]*See Lair v. Bullock,* 798 F.3d 736, 747 (9th Cir. 2015); *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

[5]*See* 9th Cir. Gen. Order § 5.2.b.

F.3d 971, 977 (9th Cir. 1994); *see also* Fed. R. App. P. 28(a)(8)(A).

(3) Hardman finally argues that the Director erred when he set the base rate for Robinowitz. Again, we disagree. In calculating the base hourly rate for Robinowitz, the Director relied upon one area-of-practice group in the 2012 Oregon Bar Survey (the Survey) results for the Portland, Oregon area, that is, "Civil Litigation, Plaintiff – Personal Injury." Hardman argues that the choice was improper because personal injury attorneys do not charge hourly rates, and therefore, the rates listed in the Survey could not be market rates. He presents no evidence of that, and we have no reason to think that the Survey's data collection methods and presentation were in error. Moreover, the Director explained that the work Robinowitz does "is more favorably compared with plaintiff's personal injury cases with a single client, a few issues, two to three parties, maybe a few experts, and relatively little discovery." The BRB agreed. While not a lengthy disquisition, that reflects a considered reason for the decision; it was enough. In short, the Director and the BRB satisfactorily explained why the rate group selected here properly reflected the correct rate for Robinowitz's practice area. That was not an abuse of discretion.

Petition DENIED.