**Ronald BOWMAN, et al.,**
**Plaintiffs–Appellees,**

v.

**The CITY OF NEW ORLEANS, et al.,**
**Defendants–Appellants.**

**No. 89–3785.**

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1990.

Reginald J. Laurent, Asst. City Atty. and Okla Jones, City Atty., New Orleans, La., for defendants-appellants.

Mary E. Howell, New Orleans, La., for plaintiffs-appellees.

Before GEE and DAVIS, Circuit Judges, and SMITH [*], District Judge.

PER CURIAM:

Today's case presents the major issue whether a federal trial court possesses authority to enforce a consent judgment awarding attorneys' fees, costs and interest upon them against a municipality and a subsidiary question of procedure.

### Facts And Prior Proceedings

The facts are undisputed:

Plaintiffs are street musicians in the City of New Orleans. They sued the City, attacking the constitutionality of a city ordinance that barred all music performances and other street entertainment during Mardi Gras, 1986. They sought declaratory and injunctive relief. Following the entry of a temporary restraining order by the district court, the parties entered into a consent judgment under which the City agreed to pay $6,330.00 in attorneys' fees and $500.05 in court costs. Interest was to begin accruing on any unpaid fees and costs on February 1, 1988. In April, 1988, the City paid to the plaintiffs $6,830.05, representing the entire principal amount of the judgment, but no interest.

In June the plaintiffs filed a judgment debtor rule, which the defendants unsuccessfully sought to quash. After a long series of procedural maneuvers, the plaintiffs filed the Louisiana equivalent of a writ of execution—a writ of fieri facias (fifa) along with garnishment interrogatories. The City moved to quash the writ of execution. Thereafter, the district court denied the City's motion to stay and to quash the writ of execution and vacated its earlier order prohibiting seizure of City property. The City then unsuccessfully sought an interlocutory appeal. Later, the district court also denied the City's request for a stay pending appeal, as did we. We now decide the merits of the City's appeal.

### Discussion

The city complains that the district court erred when, without an evidentiary hearing,[1] it issued a writ of execution and permitted the plaintiffs to seize a New Orleans bank account. It argues that the district court, without the benefit of factual determinations, misinterpreted our jurisprudence relative to writs of execution and civil rights judgments. *See Gates v. Collier*, 616 F.2d 1268 (5th Cir.1980); *Collins v. Thomas*, 649 F.2d·1203 (5th Cir.1981), *cert. denied*, 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982); *Gary W. v. State of Louisiana*, 441 F.Supp. 1121 (E.D.La.1977), *aff'd*, 622 F.2d 804 (5th Cir.1980), *cert. denied*, 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981), holding that 42 U.S. C.A. § 1988 (Civil Rights Attorney's Fee

---

[*] District Judge of the Western District of Texas, sitting by designation.

1. The Appellees respond to the City's complaint regarding the district court's failure to hold a hearing as follows:

   [T]he appellant only requested a hearing to "determine whether the City has in fact been adhering to its stated FIFO (First In–First Out) policy of paying judgments" (Record Vol. 1, p. 139). As the District Court noted, "the issue presently before the Court is not whether the City's plan is constitutional, but whether Federal Rule of Civil Procedure 69, in conjunction with Louisiana law exempting public property from seizure, imposes restrictions upon the authority of the court to enforce its consent judgment awarding attorneys' fees and costs pursuant to 42 U.S.C. 1988." The Court went on to note that, while not intimating any view as to the constitutionality of the City's plan, that "certainly state legislatures and municipal councils are not at liberty simply to underallocate funds sufficient to satisfy its outstanding judgments and thereby thwart the ability of federal courts to carry forth congressional mandates." (Court's opinion, Record Vol. 1, p. 31). For these reasons, an evidentiary hearing was not justified or required.

   There was no error here.

Awards Act of 1976) and Fed.R.Civ.P. 69 (providing for execution of district court judgments) apply to states and their officials.

The City attempts to distinguish today's case from those we have cited above on the ground that, in those, the State expressed an unwillingness to comply with the judgment, whereas here the City of New Orleans "continually recognized its obligation to pay."

While it is admirable that the City willingly *recognized* its obligation, it would have been better for all concerned had it also willingly *met* that obligation. That it did not gave rise to the need for the district court to require it to do so. The court acted properly in so doing. There was no abuse of discretion here.

AFFIRMED.