# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-31213

FREEMAN DECORATING COMPANY

Plaintiff-Appellant

v.

ENCUENTRO LAS AMERICAS TRADE CORPORATION; CITY OF NEW ORLEANS, through the office of the Mayor; JULIO H GUICHARD, JR

Defendants-Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana
2:02-CV-2103

Before GARWOOD, DAVIS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This case addresses whether a judgment creditor who obtains a judgment in federal court on a diversity claim may seize public property from the judgment debtor, the City of New Orleans, to satisfy the judgment. For the following reasons, we AFFIRM the district court's order denying the appellant's motion to execute on the judgment.

I.

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Freeman Decorating Company ("Freeman") contracted with the City of New Orleans to provide services for the annual joint meetings of the Board of Governors of the Inter-American Development Bank ("Bank") and the Inter-American Investment Corporation ("Investment Corp."). Pursuant to the contract between the City of New Orleans and Freeman, the City was obligated to pay Freeman the contract price by April 30, 2000. The City did not fulfill that obligation.

In July 2002, Freeman filed suit against the Bank, the Investment Corp., and the City of New Orleans. The district court dismissed the claims against the Bank and the Investment Corp. In May 2006, the district court rendered a judgment against the City in the amount of $203,070.27. Freeman then sought to collect on its judgment against the City and filed a Motion for Order Directing the Mayor of New Orleans to Satisfy Judgment and to Authorize Issuance of a Writ of Fieri Facias. The district court denied Freeman's motion. This appeal followed.

## II.

Under Federal Rule of Civil Procedure 69(a), state law governs the execution of a judgment obtained in a diversity action. Article 12, § 10 of the Louisiana Constitution permits suits against the State and its political subdivisions, but subsection (C) states that "no public property or public funds shall be subject to seizure." The property and funds held by the City of New Orleans are public property under Louisiana law. *See* LA. CIV. CODE art. 450. Therefore, under Louisiana's anti-seizure law, the City's property may not be seized.

This court has held that when there is a federal interest in the remedy, we may trump a state's anti-seizure provision and enforce a money judgment against a public entity. *See Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 653 (5th Cir. 2000). For example, this court has recognized

that in a civil rights action, such as an action filed pursuant to 28 U.S.C. § 1988, there is a federal interest in the remedy sufficient to trump a state's anti-seizure provision. *E.g., Bowman v. City of New Orleans*, 914 F.2d 711 (5th Cir. 1990); *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980); *Gary W. v. Louisiana*, 622 F.2d 804 (5th Cir. 1980). This court has also recognized a sufficient federal interest when a state makes abundantly clear that it will never satisfy the judgment. *See Gates*, 616 F.2d at 1271–72. When no federal interest in the remedy exists, however, this court has refused to order the seizure of public property. *See Specialty Healthcare*, 220 F.3d at 656.

Freeman argues there are four federal interests in this case. First, Freeman asserts the federal jurisdictional statutes over the Bank and the Investment Corp. provide the requisite federal interest. Second, Freeman avers the City's failure to fulfill its obligation constitutes a deprivation of property in violation of the Fifth Amendment of the U.S. Constitution. Third, Freeman alleges the method by which the City satisfies judgments violates the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution and Article I, Sec. 3 of the Louisiana State Constitution. Fourth, Freeman asserts that the City has made it abundantly clear that it will never satisfy the judgment.

We find that none of Freeman's alleged federal interests are sufficient to trump state law. Freeman's first argument fails because 22 U.S.C. §§ 283f, 283gg, the statutes granting federal jurisdiction over the Bank and the Investment Corp., do not provide a sufficient federal interest in the remedy of this case. As the district court articulated:

> Both of the international defendants . . . were dismissed as parties to the case prior to judgment. Under *Specialty Healthcare*, the federal interest must be specifically focused on enforcing the remedy. Since the two defendants who created the federal interest

3

were dismissed prior to judgment, there is no federal interest in enforcing the judgment that followed.

*Freeman Decorating Co. v. Encuentro Las Americas Trade Corp.*, 2008 U.S. Dist. LEXIS 96463 (E.D. La. 2008), at *7. We agree with the district court and find that 22 U.S.C. §§ 283f, 283gg do not provide the federal interest required for this court to trump state law.

Freeman's second argument also fails. In order for there to be an unconstitutional taking under the Fifth Amendment, the City must take Freeman's property without just compensation. There is no evidence that any property right held by Freeman has been taken. The U.S. Supreme Court held in *Louisiana ex rel. Folsom v. Mayor & Adm'rs of New Orleans*, 109 U.S. 285, 289 (1883), that the property right created by a judgment against a government entity is not a right to payment at a particular time, but merely the recognition of a continuing debt of that government entity. *See also Minton v. St. Bernard Parish Sch. Bd.*, 803 F.2d 129, 132 (5th Cir. 1986) (citing *Folsom* for the proposition that a school board's delay in satisfying a judgment does not create the deprivation of a property right). Based on *Folsom*, the only property right Freeman has is the recognition of City's continuing debt; Freeman does not have a right to command satisfaction of the City's judgment at a particular time. The City asserts it will satisfy the judgment once the funds have been allocated by the City Council, thereby recognizing the debt it owes Freeman.[1] *See* Original

---

[1] The City's recognition of the debt distinguishes this case from *Vogt v. Bd. of Comm'rs*, 294 F.3d 684 (5th Cir. 2002). In *Vogt*, the Orleans Levee District levee board refused to satisfy a $2.85 million judgment. The judgment creditors filed suit in federal court claiming that the levee board's refusal to satisfy the judgment constituted an unconstitutional taking. The district court dismissed the case for lack of jurisdiction, finding that the levee board had sovereign immunity under the Eleventh Amendment. The Fifth Circuit reversed the district court's order finding sovereign immunity and remanded the case. Though *Vogt* did not turn on the judgment creditors' takings claim, the court stated in dicta that the failure of a governmental entity to satisfy a judgment could, in some circumstances, amount to a violation of the Takings Clause. *Id.* at 697.

Brief of Appellee, at 5. As such, Freeman's property right has not been taken in violation of the Fifth Amendment by the City.

Freeman's third argument fails because Freeman points to no evidence that the City has treated Freeman's judgment differently than the judgments of similarly situated judgment creditors. In order for Freeman to assert that the City has violated the Equal Protection Clause of the U.S. Constitution or Louisiana Constitution, Freeman must prove that the City has treated Freeman differently than other similarly situated entities. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) ("The Equal Protection Clause of the Fourteenth Amendment . . . is essentially a direction that all persons similarly situated should be treated alike."); *City of New Orleans v. La. Assessors' Ret. & Relief Fund*, 986 So. 2d 1, 26 (La. 2007) ("Generally, the state constitutional guarantee of equal protection mandates that state laws affect alike all persons and interests similarly situated."). Because the evidence does not support this claim, Freeman's allegations of an equal protection violation fail.[2]

Finally, Freeman's fourth argument fails based on the lack of any evidence indicating that the City has made it clear that it intends to never satisfy the judgment. This court has stated that "'[f]ederal courts are not reduced to issuing

> We do not hold or imply . . . that every tort or breach of contract claim against a governmental entity necessarily becomes a takings claim. Our holding extends only to cases where . . . the government has forcibly appropriated private property without a claim of right or of public or regulatory purpose.

*Id.* The *Vogt* dicta does not apply to the instant case because, unlike in *Vogt*, the New Orleans City Council has not refused to satisfy the judgment. On the contrary, the City Council has acknowledged the debt. Therefore, no taking has occurred.

[2] In its brief, Freeman refers to a number of newspaper articles for the proposition that the procedure used by the City of New Orleans to satisfy judgments violates the Equal Protection Clause. None of these newspaper articles were submitted into evidence at trial, thus this court will not consider them as evidence on appeal. *Garcia v. American Marine Corp.*, 432 F.2d 6, 8 (5th Cir. 1970).

(judgments) against state officers and hoping for compliance.'" *Gates*, 616 F.2d at 1271 (quoting *Hutto v. Finney*, 437 U.S. 678, 690 (1978)). However, we have only found a sufficient federal interest in the remedy when the governmental entity's behavior indicates an obstinance to ever satisfying the judgment. Freeman asserts that a letter that was sent by the City's attorney on November 12, 2007 demonstrates the level of obstinance required for this court to trump state law. The letter Freeman points to only indicates that the City does not believe it must immediately satisfy the judgment; it does not indicate that the City will never satisfy the judgment. If the City's behavior reaches the level of recalcitrance required under *Gates*, Freeman will be able to file a new Motion for Order Directing the Mayor of New Orleans to Satisfy Judgment and to Authorize Issuance of a Writ of Fieri Facias. At the present time, however, there is no evidence in the record indicating that the City intends to never satisfy the judgment.

## CONCLUSION

Based on the forgoing reasons, we find that none of Freeman's alleged federal interests are sufficient to trump state law. As such, we AFFIRM the judgment of the district court without prejudice to Freeman's right to refile its motion under the circumstances described above.

AFFIRMED.